Joseph Clayton **FRANCIS, Appellant,**

v.

**The STATE of Texas.**

No. 1132–98.

Court of Criminal Appeals of Texas, En Banc.

Dec. 6, 2000.

Wes Ball, Arlington, for appellant.

Matthew Paul, State's Atty., Jeffrey L. Van Horn, First Asst. State's Atty., Austin, Anne Swenson, Asst. DA, David M. Curl, Asst. DA, Fort Worth, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

HOLLAND, J., delivered the opinion of the Court on rehearing in which MEYERS, MANSFIELD, PRICE, WOMACK and JOHNSON, JJ., join.

Following our opinion on original submission, we granted the State's Motion for Rehearing. We withdraw our prior opinions in this case and enter the following opinion of the Court.

Appellant was charged· with a single count of indecency with a child. The State introduced evidence of four acts of indecency during its case-in-chief, but elected to proceed on only two of those acts. Throughout the trial, appellant asked the trial court to require the State to elect between the two different acts of indecency, but the trial court denied these requests. The trial court also denied appellant's requested charge that would have required the State to prove that appellant committed both alleged acts of indecency. Appellant was convicted of one count of indecency with a child.

The court of appeals affirmed the conviction. *See Francis v. State,* No. 2–97–068–CR (Tex.App.—Fort Worth April 16, 1998) (not designated for publication). Relying on *Kitchens v. State,* 823 S.W.2d 256 (Tex.Crim.App.1991), it concluded that the jury charge merely included different means of committing the charged offense of indecency with a child-not separate acts of indecency. *See id.* We granted appellant's petition for discretionary review to consider whether "the court of appeals erred in holding that the charge submitted to the jury allowing a conviction on less than an unanimous verdict was not error." We reverse and remand.

### Facts

Appellant was charged with one count of indecency with a child in a single paragraph indictment. The State presented evidence of four distinct acts of the alleged indecency with a child. Each of these acts occurred at a different time and date, with two acts involving an improper touching of the victim's breasts and two acts involving an improper touching of the victim's genitals.

At the close of the State's evidence, appellant requested that the trial court require the State to elect between the four acts. The State elected to pursue a conviction on two of the incidents, one involving the touching of the victim's breasts and one involving the touching of the victim's genitals. Appellant objected, arguing that the general one-paragraph indictment limited the State to prosecuting only one act of sexual indecency. If the State was not limited to one act, appellant asserted that the jury could come to a non-unanimous verdict, with some jurors believing beyond a reasonable doubt that appellant touched the victim's breasts and others believing that he touched the victim's genitals. The trial court overruled appellant's objections.

When the trial court asked the parties for any objections to the jury charge, appellant first reiterated his request that the State be required to elect between the two acts of indecency. The trial court again denied that request. In response to that ruling, Appellant stated,

> In light of the Court's ruling that there will not be an election, we would object to the language that says "engage in sexual contact by touching the breast or genitals of [victim]." We would object to using the term "or" and request that the charge be read "breast and genitals of [victim]."

The court overruled the objection, allowing a conviction on a finding that appellant did "engage in sexual contact by touching the breast *or* genitals of victim." (emphasis

added). Appellant was found guilty and sentenced to five years and a $5000 fine, probated.

### Analysis

■ In addressing appellant's point of error, it is necessary to first determine whether charge error, if any, was preserved by appellant's objection and request as stated above. Article 36.15 of the Texas Code of Criminal Procedure states,

> The defendant may, by a special requested instruction, *call the trial court's attention to error in the charge,* as well as omissions therefrom, and *no other exception or objection to the court's charge shall be necessary to preserve any error* reflected by any special requested instruction which the trial court refuses.

TEX.CODE CRIM.PROC.ANN. art. 36.15 (emphasis added). In *Stone v. State,* this Court applied Article 36.15. The defendant in *Stone* requested a particular instruction in the charge on the issue of probable cause to stop a vehicle pursuant to Article 38.23 of the Code of Criminal Procedure. 703 S.W.2d 652, 654 (Tex. Crim.App.1986). The Court first noted that the defendant's requested charge instruction was incorrect—it misstated the law and constituted an impermissible comment on the weight of the evidence. *See id.* at 655. But the Court held that the requested charge need not be correct—it must only be "sufficient to call the trial court's attention to the omission in the court's charge." *Id.* Since the trial court in *Stone* understood that appellant was objecting to the omission of an instruction regarding the officer's right to stop a vehicle, it was sufficiently "apprised of appellant's objection to omissions in the charge." *Id.; see also* 43 DIX AND DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 42.104 (1995).

While *Stone* dealt with a complete omission of an instruction from the charge, the same concept applies to errors in the charge. *See* TEX.CODE CRIM.PROC.ANN. art.

36.15. In the instant case, appellant requested that the charge be changed to include an "and" instead of an "or." This request would have created an erroneous charge. Appellant, however, had previously argued the effect of the conjunctive charge on the jury verdict. Before his objection to the charge, appellant asserted,

> Judge, we would still urge that [the State] be required to elect between the two manners of committing the offense between touching breasts or touching the genitals because the way the indictment is set out in a single court single paragraph, it would authorize the jury to essentially have a non-unanimous verdict if some voted-believed beyond a reasonable doubt he touched breasts and another group believed beyond a reasonable doubt he touched genitals.

Considering appellant's objection to the charge, his repeated attempts to require the State to elect, and the unique nature of the indictment and the incidents alleged in this case, appellant's objection to the jury charge was sufficient to apprise the trial judge of the potential charge error. *See* TEX.CODE CRIM.PROC.ANN. art. 36.15; *see also Chapman,* 921 S.W.2d 694 (Tex.Crim. App.1996); *Stone,* 703 S.W.2d at 655. Therefore, appellant properly preserved the charge error, if any, for appellate review.

■ Next, we address appellant's complaint that the jury charge erroneously allowed a conviction on less than an unanimous verdict. Contrary to the court of appeals's and the State's assertions, *Kitchens* is inapplicable to the instant case. In *Kitchens,* the defendant was charged with capital murder and sentenced to death. On appeal, he complained that the trial court erred in submitting alternative theories of committing capital murder in a single application paragraph in the charge. He argued that the verdict was not unanimous since six members of the jury may have found him guilty of murder in the course of sexual assault, while the other six members of the jury may have found him guilty

of murder in the course of robbery. *See id.* at 257. The Court stated that "[i]t is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted." *Id.* at 258.

Unlike the charge in *Kitchens,* however, alternate theories of committing the same offense were not submitted to the jury in the instant case. Rather, two separate offenses were submitted to the jury in the disjunctive. The relevant portion of the charge read:

> [I]f you find from the evidence beyond a reasonable doubt that on or about the 1st day of November, 1992, in Tarrant County, Texas, the Defendant, JOSEPH CLAYTON FRANCIS, did ... engage in sexual contact by touching the breast *or* genitals of. . . .

(emphasis added). The State introduced evidence of four separate incidents. In two different incidents, the appellant touched the victim's breasts. In two separate occasions, the appellant touched the victim's genitals. There was never a single incident alleged in which the appellant touched both the breasts and the genitals of the victim.

When appellant requested that the State be asked to elect, the State proceeded on the incident in which the appellant touched the victim's breast and the second incident in which the appellant touched the victim's genitals. These incidents constitute two separate offenses. *See Vernon v. State,* 841 S.W.2d 407 (Tex.Crim.App.1992) (stating that "those who commit multiple discrete assaults against the same victim are liable for separate prosecution and punishment for every instance of such criminal conduct."). Therefore, *Kitchens,* which considered one offense with varying theories of commission, is distinguishable from this case.

The United States Supreme Court's holding in *Schad v. Arizona,* 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991),

also does not control the instant case. *Schad* examined a similar issue to the one presented in *Kitchens.* The plurality concluded that a conviction under a jury instruction, which did not require agreement on whether the defendant was guilty of felony murder or premeditated murder, was not unconstitutional. *See id.* at 627, 111 S.Ct. 2491.

Portions of the *Schad* opinion lend guidance, however, in solving appellant's issue. Justice Scalia stated in his concurrence,

> As the plurality observes, it has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission. That rule is not only constitutional, it is probably indispensable in a system that requires a unanimous jury verdict to convict. When a woman's charred body has been found in a burned house, and there is ample evidence that the defendant set out to kill her, it would be absurd to set him free because six jurors believe he strangled her (and caused the fire accidently in his hasty escape), while six others believe he left her unconscious and set fire to kill her. While that seems perfectly obvious, it is also true as the plurality points out, that one can conceive of novel "umbrella" crimes (a felony consisting of either robbery or a failure to file a tax return) where permitting a 6 to 6 verdict would seem contrary to due process.

*Id.* at 649–50, 111 S.Ct. 2491 (Scalia, J., concurring) (citations omitted). Justice Scalia further observed that "[w]e would not permit ... an indictment charging that the defendant assaulted either X on Tuesday or Y on Wednesday, despite the 'moral equivalence' of those two acts." *Id.* at 651, 111 S.Ct. 2491 (Scalia, J., concurring). The plurality in *Schad* also discussed the "umbrella" crimes stating, "nothing in our history suggests that the Due Process Clause would permit a State to convict

anyone under a charge of 'Crime' so generic that any combination of jury findings of embezzlement, reckless driving, murder, burglary, tax evasion, or littering, for example, would suffice for conviction." *Id.* at 633, 111 S.Ct. 2491.

Relying on the preceding language, the Fifth Circuit distinguished *Schad* from the issue raised in *United States v. Holley*, 942 F.2d 916 (5th Cir.1991). In *Holley*, the defendant was charged with two counts of perjury, and each count alleged multiple statements. At trial, the defendant objected to the jury instructions because the court failed to instruct the jury that it must be unanimous as to one particular statement in each count to find the defendant guilty. His objection was overruled. *See id.* at 920–22.

The Fifth Circuit first examined the importance of an unanimous jury verdict. An unanimous jury verdict ensures that the jury agrees on the factual elements underlying an offense—it is more than mere agreement on a violation of a statute. *See id.* at 925 (citing *McKoy v. North Carolina*, 494 U.S. 433, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990) (Blackmun, J., concurring)). The unanimity requirement is undercut when a jury risks convicting the defendant on different acts, instead of agreeing on the same act for a conviction. *See id.*

Looking at the *Schad* opinion, the *Holley* court noted that the two cases entertained different factual scenarios. In *Schad*, one single killing occurred. But in *Holley*, a single count encompassed two or more separate offenses. Because the jury instruction did not require jurors to agree on the falsity of one particular statement, the court concluded that "there was a reasonable possibility that the jury was not unanimous with respect to at least one statement in each count." *Id.* at 929.

Applying the *Holley* reasoning to the instant case [1], the jury charge given in appellant's case created the possibility of a non-unanimous jury verdict. The breast-touching and the genital-touching were two different offenses, and therefore, should not have been charged in the disjunctive. By doing so, it is possible that six members of the jury convicted appellant on the breast-touching offense (while the other six believed he was innocent of the breast-touching) and six members convicted appellant on the genital-touching offense (while the other six believed he was innocent of the genital-touching). Appellant was entitled to an unanimous jury verdict. *See Brown v. State*, 508 S.W.2d 91 (Tex.Crim.App.1974). Hence, the trial court erred by charging appellant in the disjunctive.

### *Conclusion*

The jury charge submitted at appellant's trial allowed a conviction on less than an unanimous jury verdict. Therefore, appellant's ground for review is sustained. The judgment of the court of appeals is reversed, and this cause is remanded to the court of appeals for a harm analysis. *See Almanza v. State*, 686 S.W.2d 157 (Tex. Crim.App.1984).

WOMACK, J., concurs with opinion joined by MANSFIÉLD and JOHNSON, JJ., JOHNSON, J., concurs with opinion.

McCORMICK, P.J., KELLER, and KEASLER, JJ., dissent without opinion.

WOMACK, J., filed a concurring opinion on rehearing in which MANSFIELD and JOHNSON, JJ., joined.

I join the Court's opinion. I write to emphasize the importance of the procedural context in which this error was committed.

First the State pleaded in very general terms. In this case there was evidence of four offenses on four occasions, two by the

---

1. Our state requirements for an unanimous verdict are not identical to the requirements under federal law. The opinions of *Schad* and *Holley*, however, are helpful in illustrating the error in the jury charge at appellant's trial.

touching of the victim's breast and two by the touching of the victim's genitals. The State could have prepared a four-count indictment. Instead, the Criminal District Attorney prepared a one-paragraph indictment for the grand jury to present. Even a one-paragraph indictment could have alleged that the appellant touched the breast *or* the genitals.[1] This would have comported with the evidence, since there was no evidence that on any occasion the appellant touched both breast and genitals. Instead the Criminal District Attorney alleged that the appellant touched "the breast and genitals" of the victim, in reliance on our venerable (and now unnecessary) rule that the trial court may charge the jury in the disjunctive even when the State pled in the conjunctive.[2] These choices in pleading were not improper.[3] They are, however, a significant part of what followed.

At trial the State presented evidence of the four incidents, each of which could have constituted an offense under the indictment. When the State rested its case in chief, the appellant requested that the State elect which one act it would rely on. This request was timely and should have been granted.[4] The State elected to rely on two acts. Two is better than four, but not good enough. Our law allows only one offense to be charged in each paragraph of an indictment, information, or complaint.[5] Here the State, having chosen to plead only one paragraph, was required to elect one incident on which to rely. This requirement is not only essential to giving a defendant the requisite notice of the charge against which to defend, it helps to assure that the jury's verdict will be unanimous. Unanimity is required in felony cases by our state constitution,[6] and in all criminal trials by our law.[7]

The appellant again requested an election after the evidence was closed. Such a postponed election can render harmless the earlier denial of a request for election, when the evidence clearly gave notice to the defendant of the act the State will rely on,[8] but not when the evidence was such that the defendant would not have such knowledge for the presentation of his case in chief.[9] It is at least possible that the evidence in this case did not give such notice. But the question is mooted by the trial court's denial of the request.

The combination of the State's form of pleading and the trial court's rulings on the request for election may well amount to reversible error, but the appellant did

1. See *Hunter v. State,* 576 S.W.2d 395 (Tex.Cr.App.1979) (holding that disjunctive pleadings were proper, and overruling all previous cases to the contrary). *Accord State v. Winskey,* 790 S.W.2d 641 (Tex.Cr.App.1990).

2. See *Hunter, supra* note 1.

3. The State and *amici curiae* argue on rehearing that the indictment was objectionable because it improperly alleged two offenses. State Prosecuting Attorney's Motion for Rehearing at 21–22; State's Motion for Rehearing at 5 n. 4; Brief of 34th Judicial District Attorney at 5; Brief of Harris County District Attorney at 1 n. 1. But the indictment appears to be a proper one that alleges one offense and allows the State to prove that the sole criminal conduct was either touching the breast or touching the genitals. That the State intended, and would be allowed, to convict the defendant for more than one offense could not be known by the appellant before trial.

4. See *Crawford v. State,* 696 S.W.2d 903 (Tex.Cr.App.1985).

5. "A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense." TEX.CODE CRIM.PROC. art. 21.24(b).

6. See TEX. CONST. art. V, § 13; *Molandes v. State,* 571 S.W.2d 3, 4 (Tex.Cr.App.1978).

7. See TEX.CODE CRIM.PROC. art. 36.29(a) (felony cases); *id.,* art. 37.02 (misdemeanor cases in district court); *id.,* art. 37.03 (in county court); *id.,* arts. 45.034 .036 (in justice and corporation courts).

8. See *O'Neal v. State,* 746 S.W.2d 769, 772 (Tex.Cr.App.1988).

9. See *id.; Crosslin v. State,* 90 Tex.Crim. 467, 235 S.W. 905 (1921).

not complain of them on appeal. Instead he presented the issue of whether the court's charge to the jury was erroneous.[10]

The charge authorized the jury to convict the appellant if it found that he had touched the breast or genitals of the victim. The appellant objected, "In light of the Court's ruling that there will not be an election, we would object to the language that says [']engage in sexual contact by touching the breast or genitals of [the victim].' We would object to using the term 'or' and request that the charge read 'breast and genitals of [the victim].'"

The appellant's requested charge was not the correct charge, because it did not comport with the law and the evidence that I have set out above. The correct charge would have authorized a conviction for one offense. It would have said either "touching the breast," or "touching the genitals," not "touching the breast or genitals" (which, on the evidence in this case, referred to two offenses that were committed in two separate incidents) or "touching the breast and genitals" (which was one offense, but for which there was no evidence). The appellant's requested charge would have led to a verdict of acquittal, if the jury had followed it. But it was better than the charge that was given, which allowed the jury to convict without reaching a unanimous verdict on one offense, as our law requires.[11]

More importantly, in light of the language in which it was couched and in the context of the procedures that had been followed and the evidence in the case, the objection served to call attention to the erroneous use of "or" in the court's charge.[12] I do not understand the Court to hold that this objection would have served to call attention to such an error in any other context than the strange one in which it occurred: a general, one-paragraph indictment that was ill-suited to a multiple-offense trial; an indictment in the conjunctive that could have been in the disjunctive; evidence of multiple offenses, none of which were described by the conjunctive pleading; two denied requests for the State to elect the incident on which it would rely; the State's incorrect decision to rely on two incidents when it had only pleaded one; and the erroneous decision to authorize the jury to convict for either of two offenses when the indictment pled only one.

JOHNSON, J., concurring.

We recently held that each instance of sexual assault is a separate crime and may be prosecuted in separate trials. *Ex parte Goodbread,* 967 S.W.2d 859, 861 (Tex.Crim. App.1998). In *Goodbread,* we cited as authority *Vernon v. State,* 841 S.W.2d 407, 410 (Tex.Crim.App.1992), a case in which we determined that it is inaccurate to characterize a defendant's repeated acts of indecency with a child as a single continuing offense under Texas law. *Goodbread,* 967 S.W.2d at 861. Following these precedents, it is clear that the two alleged acts of indecency with a child were not two different ways of committing a single of-

10. The State argues on rehearing that this "Court doesn't have jurisdiction to decide, much less *remedy,* an issue—election—which isn't a part of the court of appeals' decision." State's Motion for Rehearing at 3. We do not reverse for the election error. It is necessary to discuss the principles that underlie the requirement of election because one of those principles was violated by the error in the charge.

11. The Court finds "guidance" in opinions in *Schad v. Arizona,* 501 U.S. 624, 649, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991), *ante* at 124, and it "appl[ies] the reasoning" of *United States v. Holley,* 942 F.2d 916 (5th Cir.1991),

*ante* at 125. *Schad* concerned due-process requirements for the definitions of crimes. *Holley* turned on the requirements of a unanimous verdict that are in the Sixth Amendment and Federal Rule of Criminal Procedure 31(a). I do not understand that by finding these opinions helpful, the Court implies that those federal requirements are identical to our state's requirements for a unanimous verdict.

12. *Cf. Williams v. State,* 630 S.W.2d 640 (Tex. Cr.App.1982) (specially-requested charge that was defective still served to call the court's attention to the need to charge on a defensive issue).

fense, but were instead separate offenses from which the state should have been required to elect a single offense.

The State Prosecuting Attorney urges that error is waived because appellant failed to mount a pretrial challenge to the form and substance of the indictment. As noted above, our decisions in *Goodbread* and *Vernon, supra,* indicate that each act of indecency with a child is a separate offense. The indictment against appellant contained one count of indecency with a child, alleging two kinds of contact on the same date. The indictment was valid on its face; if both types of contact occurred at the same time, they would comprise a single act. The indictment was therefore not subject to a pretrial motion to quash. The proof offered at trial showed four separate acts on four different dates, with no allegation that both breasts and genitals were touched on a single occasion. The proof thus exposed a defect in the allegations as it, in conjunction with the indictment's single count, either improperly treated the separate offenses as a single continuing offense or as two ways of committing a single offense and thus made the state's pleadings duplicitous.

With these comments, I join the opinion of the Court.