Reversed and Remanded and Opinion filed June 12, 2003









Reversed and Remanded and Opinion filed June 12, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00573-CR

____________

 

ROGER A. MIDENCE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 278th District Court

Walker County, Texas

Trial
Court Cause No. 20,116-C

 



 

O
P I N I O N

Appellant
entered a plea of not guilty to the offense of assault on a public
servant.  He was convicted and the jury
assessed punishment at forty years= confinement in the Institutional Division of the Texas
Department of Criminal Justice.  In three
issues, appellant contends the trial court erred in overruling appellant=s
objection to the jury charge and allowing a conviction on less than a unanimous
verdict.  Finding error in the court=s
charge, we reverse and remand for a new trial.








In
his first two issues, appellant contends the trial court committed egregious
error in allowing a conviction on less than a unanimous verdict and that the
trial court erred in overruling appellant=s objection to paragraph five in the court=s
charge.  Appellant, a prison inmate, was
charged by indictment with assaulting Jesse Rodriguez and Charles Nance, who
were correctional officers in lawful discharge of their official duties.  The court=s charge, however, instructed the jury to find appellant guilty
if they found he assaulted either Jesse Rodriguez, or Charles Nance.  Appellant objected to the use of the
disjunctive Aor@ in the court=s charge because the indictment alleged the offense in the
conjunctive.  The trial court overruled
appellant=s objection.

In
its brief, the State concedes the jury charge is erroneous, and we agree.  The charge given in this case created the
possibility of a non-unanimous jury verdict. 
The assault on Jesse Rodriguez was a different offense from the assault
on Charles Nance.  The two assaults
should not have been charged in the disjunctive.  See Francis v. State, 36 S.W.3d 121,
125 (Tex. Crim. App. 2000).  The trial court=s charge allowed the possibility of six jurors convicting
appellant of the assault on Jesse Rodriguez and six jurors convicting appellant
of the assault on Charles Nance. 
Appellant was entitled to a unanimous jury verdict.  See id. at
125.  Therefore, the trial court erred in
charging appellant in the disjunctive.

Having
found error in the court=s charge, we must determine whether sufficient harm resulted
from the error to require reversal.  Abnor
v. State, 871 S.W.2d
726, 731-32 (Tex. Crim. App. 1994).  Error in the charge, if timely objected to in
the trial court, requires reversal if the error is calculated to injure the
rights of the defendant.  Tex. Code Crim. Proc. art. 36.19.  In making this determination, the
actual degree of harm must be assayed in light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed
by the record of the trial as a whole.  Almanza
v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1984).  








Unanimous
verdicts are required in felony criminal cases. 
Tex. Const. art. V, ' 13; Tex. Code Crim. Proc. art. 36.29;
Kitchens v. State, 823 S.W.2d
256, 258 (Tex. Crim. App. 1991).  The charge in this case allowed the jury to
return a non-unanimous verdict.  Because
the jury was capable of returning a less than unanimous verdict, we find the
charge error was harmful.  We sustain
appellant=s first two issues.

Having
sustained appellant=s first two issues, we need not address his third issue.  We reverse the judgment of the trial court
and remand for a new trial.

 

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Opinion filed June
12, 2003.

Panel consists of Justices Yates, Hudson,
and Frost.

Publish C Tex. R.
App. P. 47.2(b).