# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-03-00673-CR

**John Anthony Palmer, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 53780, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant John Anthony Palmer guilty of aggravated sexual assault of a child and the court assessed his punishment at forty years in prison. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2005). In two points of error, appellant complains of charge error and of the overruling of his motion to elect. We find no reversible error and will affirm the conviction.

The indictment alleged that on or about May 12, 1996, appellant had vaginal intercourse with the complainant, J. P., who was then nine years old. The alleged date was the second Sunday of May, or Mother's Day. J. P., who was sixteen years old at the time of appellant's 2003 trial, testified that she distinctly remembered that day. She was living in Killeen with appellant, who was her stepfather, and her mother and siblings. While her mother was out of the house, appellant took J. P. to the bedroom, locked the door, and had intercourse with her. J. P.'s

mother returned home while appellant and J. P. were still naked.  Appellant told J. P. to hide in the closet, then went to the locked door and told J. P.'s mother that he and J. P. were wrapping her Mother's Day present.  J. P.'s mother also testified that she recalled this incident, although she did not know at the time what was really happening in the bedroom.

J. P. testified that appellant began sexually abusing her when she was four years old.  He had oral, vaginal, and anal intercourse with her on a regular basis until the year 2000, when her mother and appellant were divorced.  The family was living in Georgia when the abuse began.  They subsequently moved to Washington and then, in 1995, to Killeen.

In his first point of error, appellant complains of the overruling of his motion for an election by the State.  When the State offers evidence that the offense alleged in the indictment was committed on multiple occasions, it must, on the defendant's timely motion, elect the act on which it will rely for conviction.  *Crawford v. State*, 696 S.W.2d 903, 906-07 (Tex. Crim. App. 1985); *Gutierrez v. State*, 8 S.W.3d 739, 748 (Tex. App.—Austin 1999, no pet.).  Although appellant was entitled to an election in this cause, his motion was not timely because he did not request the election until the charge conference after the close of evidence.  *Gutierrez*, 8 S.W.3d at 748.  At that point in the trial, an election by the State would not have assisted appellant in the presentation of a defense.  *Id*.  Point of error one is overruled.

In his second point of error, appellant contends the trial court erred by instructing the jury that "the State is not bound by the date of May 12, 1996, alleged in the indictment, and the defendant may be convicted if you believe beyond a reasonable doubt that he committed the offense alleged within a period of years between February 15, 1991, and February 14, 2000, preceding the

2

filing of the indictment." Appellant urges that this instruction denied him his right to a unanimous jury verdict and permitted his conviction for acts committed outside the court's jurisdiction. Although appellant objected to the instruction, he did not make these arguments in the trial court. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

When the indictment alleges that a crime was committed "on or about" a certain date, the State may prove that the offense was committed at any time prior to the filing of the indictment and within the limitations period. *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). Insofar as the court's instruction applied this settled principle to the facts of this case, there was no error. Appellant's reliance on *Francis v. State*, 36 S.W.3d 121 (Tex. Crim. App. 2000), is misplaced. In that case, the indictment alleged a single offense, but the court's charge authorized the defendant's conviction for either of two different offenses proved by the State. *Id.* at 125. In the cause now before us, the court's charge required the jury to unanimously find beyond a reasonable doubt that appellant penetrated J. P.'s sexual organ with his sexual organ as alleged in the indictment. There was no possibility of a non-unanimous guilty verdict.

Appellant also complains that the challenged instruction permitted the jury to consider acts shown to have been committed before 1995 and thus outside of Bell County. While this is true, the application paragraph did require the jury to find that the offense occurred in Bell County. Considering the charge as a whole and the ample evidence of sexual assaults occurring in Bell County, including an assault committed on the very day alleged in the indictment, the error of which appellant complains was not egregiously harmful. *See Almanza*, 686 S.W.2d at 171. Point of error two is overruled.

The judgment of conviction is affirmed.


_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:  October 7, 2004

Do Not Publish

4