Affirmed and Memorandum Opinion filed November 24, 2004









Affirmed and Memorandum Opinion filed November 24,
2004.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01050-CR

____________

 

RAYMOND JEFFERSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 948,877

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant Raymond Jefferson
guilty of injury to a child.  Appellant
argues that the jury charge permitted a finding of guilt on less than a
unanimous verdict.  We affirm.








Appellant and Connie Knight lived together
in Houston with Knight’s children, including Knight’s daughter Raysate Knight
(“Raysate”).  Because of Knight’s drug
use early in Raysate’s life, Raysate lived in foster care and with relatives
until she was about four years old. 
Raysate then lived with appellant and Knight for about two years.  During this time, Raysate was subjected to
extreme physical abuse and deplorable living conditions, including often being
required to sleep in a closet.  On
September 7, 2001, appellant apparently kicked Raysate, who fell, hit her head,
possibly began having a seizure, and ultimately died.  Appellant and Knight disposed of Raysate’s
body in a ditch and subsequently fled to Louisiana, where they were eventually
caught.  Appellant was convicted of
injury to a child on August 22, 2003, and sentenced to life in prison.

In the sole issue presented for our
review, appellant contends that the jury charge permitted a finding of guilt on
less than a unanimous verdict.  Under the
charge submitted by the trial court, the jury could return a verdict of guilty
if it found that appellant caused serious bodily injury to Raysate by any one
of the following:  (1) striking her with
his foot; (2) causing her head to strike an unknown object; (3) while having
assumed custody or care of Raysate, by failing to stop the physical abuse of
Raysate by Knight; or (4) while having assumed custody or care of Raysate, by
failing to provide proper medical care to Raysate.  Appellant argues that this charge allows for
less than a unanimous verdict because some members of the jury could find that
the injury resulted from an act by appellant while other members of the jury
could find that the injury resulted from a failure to act by appellant or a
failure by appellant to provide medical care. 
In essence, appellant argues that the jury charge presents three
distinct offenses.  The State contends
that appellant was charged with one offense and that the jury was given
multiple alternatives of the manner or means in which the offense was
committed.








We must first determine whether appellant
preserved charge error.  Francis v.
State, 36 S.W.3d 121, 123 (Tex. Crim. App. 2000).  In order to preserve charge error, an
appellant’s objection or written instruction must “‘call the trial court’s
attention to the omission in the court’s charge.’”  Id. (quoting Stone v. State, 703
S.W.2d 652, 655 (Tex. Crim. App. 1986)); see also Tex. Code Crim. Proc. Ann. art. 36.15
(Vernon Supp. 2004–2005) (providing the procedure to be followed to preserve
charge error).  Before the charge was
read to the jury, appellant argued that the charge should be changed so that
injury to a child based on omission and injury to a child based on committing
an act were charged as separate offenses. 
Appellant contended that this change was necessary to ensure a unanimous
verdict.  Because appellant’s objection
sufficiently apprised the trial court of the potential charge error, we believe
that appellant’s objection preserved error. 
See Francis, 36 S.W.3d at 123.

The Court of
Criminal Appeals has held that “[i]t is appropriate where the alternate
theories of committing the same offense are submitted to the jury in the
disjunctive for the jury to return a general verdict if the evidence is
sufficient to support a finding under any of the theories submitted.”[1]  Kitchens v. State, 823 S.W.2d 256, 258
(Tex. Crim. App. 1991).  Further, there
is no requirement that the jury specify which alternate theory it believes was
proved.  Murchison v. State, 93
S.W.3d 239, 258 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d).  In the instant case, appellant was charged
with one offense (injury to a child), and alternate theories of committing this
offense were submitted to the jury.  See
Tex. Penal Code Ann. § 22.04(a)(1) (Vernon 2003) (providing that “[a]
person commits an offense if he . . . by act or . . . by
omission, causes to a child . . . serious bodily injury”).  Because it is proper to charge a jury in the
disjunctive with multiple theories of committing a single offense, appellant’s
right to a unanimous verdict was not violated in this case.  See Kitchens, 823 S.W.2d at 258; Murchison,
93 S.W.3d at 257–58.








Appellant relies on Francis v. State
in support of his argument that the jury charge permitted conviction on less
than a unanimous verdict.  We agree with
the State that Francis is distinguishable from the instant case.  In Francis, the Court of Criminal
Appeals reversed a conviction for indecency with a child because the jury
charge allowed conviction on less than a unanimous verdict.  36 S.W.3d at 125.  In that case, the State introduced evidence
of four separate incidents between the defendant and the victim, two involving
the touching of the victim’s breasts and two involving the touching of the
victim’s genitals.  Id. at
124.  The incidents occurred on different
dates, and there was no evidence that any single incident involved both the
touching of the breasts and the genitals of the victim.  Id. at 122, 124.  However, the jury charge permitted a finding
of guilt if the jury believed that on one particular date, the defendant
touched the breasts or the genitals of the victim.  Id. at 124.  The Court of Criminal Appeals held that two
separate offenses were submitted to the jury in the disjunctive, not one
offense with alternate theories of commission. 
Id.  The court theorized
that six members of the jury might have believed that the defendant had only
committed the breast-touching offense, while the other six members might have
believed that the defendant had only committed the genital-touching
offense.  See id. at 125.  This would have permitted a non-unanimous
verdict.  Id.  Unlike in Francis, appellant in
the instant case was charged with a single offense.  In order for the jury to have convicted
appellant, all the members had to unanimously agree that appellant caused
serious bodily injury to Raysate. 
Accordingly, the holding in Francis does not govern this case.

Because the jury charge did not deny
appellant a unanimous verdict in this case, we overrule appellant’s sole issue
for review and affirm the judgment of the trial court.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed November 24, 2004.

Panel
consists of Justices Yates, Edelman, and Guzman.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 











[1]  Appellant has
not challenged the sufficiency of the evidence.