IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-0504-04






THANH CUONG NGO, Appellant



v.



THE STATE OF TEXAS






ON DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


HARRIS COUNTY






 Womack, J., filed a concurring opinion, in which Meyers, J., joined.



 I join the Court's opinion with the understanding that its finding of "egregious harm"in
this case, like our finding of "some harm" in Francis v. State, (1) is based on more than the mere
use of the word "or" in the charge.

 Three of the six members of the court who found the error in Francis to be reversible
recognized the "strange context" in which it occurred:

 a general, one-paragraph indictment that was ill-suited to a multiple-offense trial;
an indictment in the conjunctive that could have been in the disjunctive; evidence
of multiple offenses, none of which were described by the conjunctive pleading;
two denied requests for the State to elect the incident on which it would rely; the
State's incorrect decision to rely on two incidents when it had only pleaded one; 
and the erroneous decision to authorize the jury to convict for either of two
offenses when the indictment pled only one. (2)


 The charge in this case also was surrounded by errors, as the court's opinion points out:
the prosecutor's incorrect statement in voir dire that the law does not require a unanimous
verdict, the trial court's making a statement to the same effect in voir dire, and the prosecutor's
reiteration of the wrong law in argument. (3)

 It could be said of both Francis and this case that, by failing to cure the cumulative effect
of a series of missteps, the courts' charges contained the ultimate step that make "it appear[]
from the record that the defendant has not had a fair an impartial trial" within the meaning of
Article 36.19.


En banc.

Filed March 16, 2005.

Publish.
1. 36 S.W.3d 121 (Tex. Cr. App. 2000).
2. See id., 125, at 127 (concurring opinion).
3. See ante, at Part II. B.