NO. 07-06-0307-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 12, 2007
_____

RANDALL DIXON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 290TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2004-CR-7578; HON. SHARON MCCRAE, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Randall Dixon appeals his convictions for aggravated sexual assault and indecency with a child by contending that 1) the trial court abused its discretion in refusing to admit certain evidence which denied him his constitutional right of confrontation and cross-examination, and 2) the jury charge was vague and confusing and allowed for less than a unanimous verdict. We affirm the judgment.

*Issue 1 - Right of Confrontation*

Approximately one year prior to the incident which was the subject of this prosecution, the victim, appellant's daughter, alleged that her school bus driver touched her breasts, which was one of the acts appellant was accused of having performed on her. Appellant sought to question the victim about the accusation but was denied the opportunity. Now, he contends that this violated his right of confrontation. This ground, however, was not mentioned at trial. Instead, appellant contended that the evidence should be admitted due to its relevance. When a defendant's objection potentially encompasses complaints under both the rules of evidence and the confrontation clause, the objection is not specific enough to preserve error if the defendant does not clearly articulate that the confrontation clause is involved. *Reyna v. State,* 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). Given this and the fact that his objection at bar fails to comport with that raised at trial, the complaint was not preserved. *See Fox v. State,* 175 S.W.3d 475, 483-84 (Tex. App.–Texarkana 2005, pet. ref'd) (finding a relevancy objection to lack sufficient specificity to put the trial court on notice of the defendant's confrontation clause argument).

Additionally, the trial court may exclude relevant evidence if its value is substantially outweighed by its risk of confusion or improper prejudice. TEX. R. EVID. 403. Here, underlying appellant's complaint is the insinuation that the prior allegation was false. And, because it was purportedly false, it should have been admitted to discredit his accuser. Yet, appellant did not establish that the accusation was false. Rather, he asks us to surmise that it was since the bus driver was simply transferred elsewhere. This we choose

2

not to do.  That he was transferred to another school does not establish innocence, or, at least, a trial court could have reasonably concluded.  Thus, we find no abuse of discretion in excluding the evidence.  And, the issue is overruled.

*Issue 2 - Jury Charge*

Next, appellant complains that the jury charge was vague and confusing with respect to the application paragraphs.  Allegedly, it told the jurors that if they found appellant guilty of count 1, they should next consider count 3, but that if they found appellant not guilty of count 1, they should consider count 2.  Count 1 involved aggravated sexual assault by digital penetration.  Count 2 involved indecency by contact with the complainant's genitals, and count 3 involved indecency by contact with the complainant's breasts.  Given the language of the charge, appellant believed that the jury could have convicted him on less than a unanimous verdict.   We overrule the issue.

A defendant is entitled to a unanimous verdict in felony cases.  TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon 2006).  In *Francis v. State,* 36 S.W.3d 121 (Tex. Crim. App. 2000), the defendant was charged with one count of indecency by either breast touching or genital touching.  The court found that those allegations constituted two different offenses and by allowing use of the word "or," the jury could have reached less than a unanimous verdict, *i.e.* six members could have found the defendant committed the offense by breast touching and six members could have found the defendant committed the offense by genital touching.  *Id.* at 125.  The same is not true here.  The acts were charged under different counts, and the instruction was intended to permit the jury to find appellant guilty of only count 1 and count 3 (count 2 being subsumed within a guilty finding

3

on count 1) or of only count 2 and count 3, with a separate verdict on each. *See Bottenfield v. State,* 77 S.W.3d 349, 359 (Tex. App.–Fort Worth 2002, pet. ref'd) (noting a distinction with *Francis* in that the defendant in *Bottonfield* was charged in two separate counts with two separate and distinct offenses upon which the jury was required to reach a unanimous verdict as to each count).

Assuming *arguendo* that the verdict could have permitted that suggested by appellant, we find the circumstance to be harmless. The jury foreperson informed the trial court that the verdicts were unanimous. So too were the jury members individually polled regarding whether those were their verdicts. Each responded that it was. Therefore, nothing of record suggests that the jury's verdict on each count was anything other than unanimous despite appellant's contentions.

We also note that appellant's defense was that none of the allegations happened, and thus the jury was required to make an all-or-nothing decision for each count. *See Martinez v. State,* No. 03-05-0345-CR, 2006 Tex. App. Lexis 4969 at *21-22 (Tex. App.–Austin June 9, 2006, pet. ref'd) (noting in its harm analysis that the defendant did not argue he was guilty of some acts alleged but not others). This too vitiated the potential for harm.

Accordingly, we affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.


4