COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-005-CR

DANIEL PATRICK DAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)
  ------------  

Appellant Daniel Patrick Day appeals his conviction for five counts of possession of child pornography.  We affirm.

Appellant was indicted for five counts of possession of child pornography based on five different digital pornographic photographs of S.D., his daughter, that the Fort Worth police recovered from his computer.  A jury convicted appellant on all five counts, and after appellant pleaded true to the indictment’s repeat felony offender enhancement paragraph, assessed appellant’s punishment at twenty years’ incarceration and a $2,000 fine.  

In his first point, appellant asserts that the trial court abused its discretion by admitting extraneous offense evidence.  Appellant, however, failed to preserve this complaint for appellate review because he did not object to the testimony or exhibits complained of.
(footnote: 2)  
Therefore, appellant’s complaint is waived.  We overrule appellant’s first point. 

In his second and third points, appellant contends that the trial court violated his Sixth Amendment rights to confrontation and to present a defense  by denying his request to cross-examine S.D. regarding a prior, allegedly false allegation, and by refusing appellant’s request to present testimony from William Jeffrey Fuller regarding the prior allegation for the purpose of impeaching S.D.’s credibility.  Appellant, however, failed to preserve this complaint for our review because he did not assert his right to present the evidence under the Sixth Amendment in the trial court.
(footnote: 3)  We overrule his second and third points.  

In his fourth point, appellant asserts that the trial court erred by denying his motion for a mistrial based on the prosecutor’s improper jury argument during the punishment phase.  The complained-of jury argument is as follows:

But, ladies and gentlemen, I submit this to you that when you go back there and make a decision, let your only regret be that you couldn’t give him more time. 

Appellant objected to the argument as improper because it called on the jurors to “regret” the fact that they could not sentence appellant to more than the maximum allowed by law.  The trial court sustained his objection and instructed the jury to disregard.  Appellant then moved for a mistrial, which the trial court denied.  

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial.
(footnote: 4)  Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, i.e., “so prejudicial that expenditure of further time and expense would be wasteful and futile,” will a mistrial be required.
(footnote: 5)  In determining whether the trial court abused its discretion in denying the mistrial, we balance three factors:  (1) the severity of the misconduct, (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct.
(footnote: 6)
 Assuming, without deciding, that the complained-of jury argument was improper, the prejudicial effect, if any, of the argument was slight and cured by the trial court’s instruction to disregard it.  In addition, appellant’s twenty-year sentence was certain to be assessed by the jury absent the alleged misconduct—there was ample evidence introduced during guilt-innocence that appellant possessed the child pornography in question and, during the punishment phase, the State presented damaging evidence that appellant had sexually assaulted S.D. on at least two prior occasions.  Therefore, we hold that the trial court did not abuse its discretion in denying appellant’s motion for a mistrial.  We overrule appellant’s fourth point.

In his fifth point, appellant contends that the trial court violated his constitutional and statutory right to a unanimous verdict by improperly charging the jury during guilt-innocence because the charge contains only one unanimity instruction and, according to appellant, a unanimity instruction should be included immediately after each application paragraph to ensure that the jurors’ verdicts were unanimous on each individual count.  

 Jury verdicts in criminal cases must be unanimous.
(footnote: 7)  When a defendant is charged with multiple offenses, the jury charge may submit the offenses in the disjunctive, but the trial court must instruct the jury that it must be unanimous in deciding which offense the defendant committed, and the record must show that the verdict is unanimous.
(footnote: 8)  In determining whether a trial court properly charged the jurors that they must unanimously agree that a defendant committed each criminal offense which they find the defendant guilty of, we must consider the jury charge as a whole.
(footnote: 9)
 In this case, appellant was charged with five counts of possession of child pornography identified as “DSCF0036.JPG,” “DCSF0053.JPG,” “DSCF0056.JPG,” “DSCF0057.JPG,” and “DSCF0063.JPG.”  The introductory paragraph of the court’s charge provided that appellant was charged with five counts of possession of child pornography and contained five separate application paragraphs, one for each of the images contained in the indictment and referenced by the same letters and numbers as in the indictment.  The charge further instructed the jurors, “Your verdict must be by a unanimous vote of all members of the jury.  In your deliberations you shall consider the charge as a whole and you must not refer to or discuss any matters not in evidence.”  
The jurors were also given five separate verdict forms to sign.  

Upon reviewing the trial court’s charge as a whole, we hold that the fact that the charge contained only one unanimity instruction does not violate appellant’s right to a unanimous verdict.  Although the five offenses were submitted in the disjunctive, the charge provided that the verdict must be by unanimous vote of all the jurors, and that the jurors must consider the charge as a whole in making their determination as to each of the five offenses.  Accordingly, the trial court’s charge as a whole adequately informed the jurors that their verdict had to be unanimous regarding each count of possession of child pornography.
(footnote: 10)  We overrule appellant’s fifth point. 

Having overruled all of appellant’s points, we affirm the trial court’s judgment. 

PER CURIAM

PANEL A:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 17, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998), 
cert. denied, 
526 U.S. 1070 (1999).

3:
See Reyna v. State
, 168 S.W.3d 173, 176-79 (Tex. Crim. App. 2005). 

4:
Hawkins v. State
, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

5:
Id.; see also Simpson v. State,
 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), 
cert. denied,
 542 U.S. 905 (2004).

6:
Hawkins,
 135 S.W.3d at 77; 
Mosley
, 983 S.W.2d at 259.

7:
See 
Tex. Const.
 art. V, § 13;
 
Francis v. State
, 36 S.W.3d 121, 126 (Tex. Crim. App. 2000). 

8:
See 
Ngo v. State
, 175 S.W.3d 738, 749 & n.43 (Tex. Crim. App. 2005); 
Rangel v. State
, 199 S.W.3d 523, 540 (Tex. App.—Fort Worth 2006, pet. granted).

9:
See 
Ngo
, 175 S.W.3d
 at 744, 749.

10:
Indeed, all twelve jurors were polled, and they agreed that the verdict of guilty on each of the five counts was their “verdict and the verdict of each and every other member of the jury.”