COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-005-CR

 

 

DANIEL PATRICK DAY                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

                                                    

MEMORANDUM OPINION[1]

                                        ------------ 


Appellant Daniel Patrick Day
appeals his conviction for five counts of possession of child pornography.  We affirm.








Appellant
was indicted for five counts of possession of child pornography based on five
different digital pornographic photographs of S.D., his daughter, that the Fort
Worth police recovered from his computer. 
A jury convicted appellant on all five counts, and after appellant
pleaded true to the indictment=s repeat felony offender enhancement paragraph, assessed appellant=s punishment at twenty years= incarceration and a $2,000 fine. 


In his first point, appellant
asserts that the trial court abused its discretion by admitting extraneous
offense evidence.  Appellant, however,
failed to preserve this complaint for appellate review because he did not
object to the testimony or exhibits complained of.[2]  Therefore,
appellant=s complaint
is waived.  We overrule appellant=s first point. 

In his second and third
points, appellant contends that the trial court violated his Sixth Amendment
rights to confrontation and to present a defense  by denying his request to cross-examine S.D.
regarding a prior, allegedly false allegation, and by refusing appellant=s request to present testimony from William Jeffrey Fuller regarding
the prior allegation for the purpose of impeaching S.D.=s credibility.  Appellant,
however, failed to preserve this complaint for our review because he did not
assert his right to present the evidence under the Sixth Amendment in the trial
court.[3]  We overrule his second and third points.  








In his fourth point,
appellant asserts that the trial court erred by denying his motion for a
mistrial based on the prosecutor=s improper jury argument during the punishment phase.  The complained-of jury argument is as
follows:

But,
ladies and gentlemen, I submit this to you that when you go back there and make
a decision, let your only regret be that you couldn=t
give him more time. 

 

Appellant objected to the argument as improper
because it called on the jurors to Aregret@ the fact
that they could not sentence appellant to more than the maximum allowed by
law.  The trial court sustained his
objection and instructed the jury to disregard. 
Appellant then moved for a mistrial, which the trial court denied.  








When the trial court sustains an objection and instructs
the jury to disregard but denies a defendant=s motion for a
mistrial, the issue is whether the trial court abused its discretion in denying
the mistrial.[4]  Only in extreme circumstances, when the
prejudice caused by the improper argument is incurable, i.e., Aso prejudicial
that expenditure of further time and expense would be wasteful and futile,@ will a mistrial
be required.[5]  In determining whether the trial court abused
its discretion in denying the mistrial, we balance three factors:  (1) the severity of the misconduct, (2)
curative measures, and (3) the certainty of the punishment assessed absent the
misconduct.[6]

Assuming, without deciding, that the complained-of jury
argument was improper, the prejudicial effect, if any, of the argument was
slight and cured by the trial court=s instruction to
disregard it.  In addition, appellant=s twenty-year
sentence was certain to be assessed by the jury absent the alleged misconductCthere was ample
evidence introduced during guilt-innocence that appellant possessed the child
pornography in question and, during the punishment phase, the State presented
damaging evidence that appellant had sexually assaulted S.D. on at least two
prior occasions.  Therefore, we hold that
the trial court did not abuse its discretion in denying appellant=s motion for a
mistrial.  We overrule appellant=s fourth point.

In his fifth point, appellant contends that the trial court
violated his constitutional and statutory right to a unanimous verdict by
improperly charging the jury during guilt-innocence because the charge contains
only one unanimity instruction and, according to appellant, a unanimity
instruction should be included immediately after each application paragraph to
ensure that the jurors= verdicts were unanimous on each
individual count.  








 Jury verdicts in
criminal cases must be unanimous.[7]  When a defendant is charged with multiple
offenses, the jury charge may submit the offenses in the disjunctive, but the
trial court must instruct the jury that it must be unanimous in deciding which
offense the defendant committed, and the record must show that the verdict is
unanimous.[8]  In determining whether a trial court properly
charged the jurors that they must unanimously agree that a defendant committed
each criminal offense which they find the defendant guilty of, we must consider
the jury charge as a whole.[9]








In this case, appellant was charged with five counts of
possession of child pornography identified as ADSCF0036.JPG,@ ADCSF0053.JPG,@ ADSCF0056.JPG,@ ADSCF0057.JPG,@ and ADSCF0063.JPG.@  The introductory paragraph of the court=s charge provided
that appellant was charged with five counts of possession of child pornography
and contained five separate application paragraphs, one for each of the images
contained in the indictment and referenced by the same letters and numbers as
in the indictment.  The charge further
instructed the jurors, AYour verdict must be by a unanimous vote
of all members of the jury.  In your
deliberations you shall consider the charge as a whole and you must not refer
to or discuss any matters not in evidence.@  The jurors
were also given five separate verdict forms to sign.  

Upon reviewing the trial
court=s charge as a whole, we hold that the fact that the charge contained
only one unanimity instruction does not violate appellant=s right to a unanimous verdict. 
Although the five offenses were submitted in the disjunctive, the charge
provided that the verdict must be by unanimous vote of all the jurors, and that
the jurors must consider the charge as a whole in making their determination as
to each of the five offenses. 
Accordingly, the trial court=s charge as a whole adequately informed the jurors that their verdict
had to be unanimous regarding each count of possession of child pornography.[10]  We overrule appellant=s fifth point. 








Having overruled all of appellant=s points, we affirm the trial court=s judgment.        

PER CURIAM

 

PANEL A: 
CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P.
47.2(b)

                                                    

DELIVERED: 
May 17, 2007                          

 

 











[1]See Tex. R. App. P. 47.4.





[2]Tex. R. App. P. 33.1(a)(1); Mosley v.
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998), cert. denied, 526
U.S. 1070 (1999).





[3]See
Reyna v. State, 168 S.W.3d 173, 176-79 (Tex. Crim. App. 2005). 





[4]Hawkins
v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).





[5]Id.;
see also Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App.
2003), cert. denied, 542 U.S. 905 (2004).





[6]Hawkins, 135
S.W.3d at 77; Mosley, 983 S.W.2d at 259.





[7]See Tex. Const. art. V, ' 13; Francis v. State, 36 S.W.3d
121, 126 (Tex. Crim. App. 2000). 





[8]See Ngo
v. State, 175 S.W.3d 738, 749 & n.43 (Tex. Crim. App.
2005); Rangel v. State, 199 S.W.3d 523, 540 (Tex. App.CFort
Worth 2006, pet. granted).





[9]See Ngo, 175
S.W.3d at 744, 749.





[10]Indeed,
all twelve jurors were polled, and they agreed that the verdict of guilty on
each of the five counts was their Averdict and the verdict of
each and every other member of the jury.@