**Affirmed as Reformed and Memorandum Opinion filed February 2, 2012.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-11-00073-CR
_____

**WARREN PIERRE CANADY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1276450**

## MEMORANDUM OPINION

Appellant Warren Pierre Canady was convicted of the felony offense of credit card abuse. The trial court assessed punishment, enhanced by two prior convictions, at five years' confinement. On appeal, appellant contends that the jury charge permitted the jury to return a non-unanimous verdict. We affirm the judgment of the trial court as reformed.

## BACKGROUND

Appellant was assigned as Office Depot's account representative for Arizona Eye Associates, where he first contacted Robert Hanson, its office manager. During one of their conversations, appellant asked Hanson if he would like to put a credit card on file with Office Depot to facilitate purchasing. Hanson agreed and provided appellant with the credit card number. On January 27, 2010, appellant paid his tuition at Houston Community College with the credit card belonging to Hanson and Arizona Eye Associates.

Hanson initially was alerted by a vendor to a suspicious charge, after which he canceled all of the Arizona Eye Associates' credit cards. Hanson subsequently was contacted by a police officer with the Houston Community College Police Department who informed him of an investigation of a possibly-fraudulent tuition payment using Hanson's credit card.

Appellant did not testify at trial, nor did appellant controvert the State's evidence suggesting appellant used the credit card to make the tuition payment. Instead, during her opening statement, appellant's attorney stated that she believed the evidence would show that appellant and Hanson formed a relationship, that Hanson had agreed to allow appellant to use his credit card to pay the tuition payment, and that appellant had agreed to pay Hanson back. The State elicited unobjected-to testimony during trial concerning other fraudulent uses of the credit card by appellant as additional evidence suggesting the use to pay tuition was not permissive.

The jury returned a verdict of guilty of felony credit card abuse,[1] and the trial court found the two enhancement paragraphs true and sentenced appellant to five years'

---

[1] The trial court's judgment reflects that appellant was convicted of the offense of fraudulent use or possession of identifying information, but this is incorrect. Here, the record clearly demonstrates that appellant was charged with and convicted of credit card abuse. The indictment as read to the jury, the evidence presented at trial, and the jury's verdict of "guilty of credit card abuse" all support that contention. This court has the power to correct the trial court's judgment when it involves mistakes of a clerical nature.

imprisonment.  *See* Tex. Penal Code Ann. § 32.31(b)(1)(A).  Appellant filed a timely appeal.

## ANALYSIS

In his single issue on appeal,[2] appellant contends that the trial court erred by not instructing the jury on unanimity as to any single, specific criminal act, which appellant contends was required because evidence of multiple criminal acts was presented at trial.[3] Appellant argues that individual jury members could have reached their guilty verdict based on any of seven allegedly fraudulent uses of the credit card presented through testimony at trial.  Appellant further contends that he was egregiously harmed by being deprived of his constitutional right to a unanimous verdict.  For the reasons stated below, we hold that there was no error in the jury charge, and we therefore affirm appellant's conviction.

We review alleged charge error by considering two questions: (1) whether error existed in the charge; and (2) whether sufficient harm resulted from the error to compel reversal.  *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005).  Where, as here, an appellant fails to object to the charge, we will not reverse for jury-charge error unless the record shows he suffered egregious harm.  *Id.*  Jury unanimity—which means that each and every juror agrees that the defendant committed the same, single, specific criminal act—is required in all criminal cases in Texas.  *Id.* at 745.

At trial, the State presented evidence of additional fraudulent credit card charges to Hanson's credit card allegedly made by appellant.  The State's evidence showed that in

---

*See Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).  We therefore reform the trial court's judgment so that it correctly reflects that appellant was convicted of the offense of credit card abuse.

[2] Appellant also filed a *pro se* supplemental brief raising five points of error which we will not address, as appellant is not entitled to "hybrid representation."  *See, e.g., Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001) ("Appellants are not allowed to have 'hybrid representation' on appeal, in which an appellant and an attorney can present independent points to an appellate court.")

[3] It is undisputed that appellant did not object to the jury charge on this basis.

addition to the tuition payment made to Houston Community College, charges had also been made to US Airways, Morton's Steakhouse, Pappa's Restaurant, Landry's Restaurant, Gems TV, and the Houston Community College bookstore. Appellant did not object to the introduction of evidence on any of the additional purchases. On appeal, appellant claims that the jury could have convicted appellant based on any of the additional purchases as well as the Houston Community College tuition payment, and therefore an instruction was necessary that the jury must be unanimous in finding any single separate use of Hanson's credit card was proven beyond a reasonable doubt. The State, on the other hand, argues that appellant was indicted for and was being tried solely for the offense of using Hanson's credit card, without Hanson's consent, on January 27, 2010, to pay appellant's tuition.[4] The State also argues that the additional purchases were not additional charged offenses, but instead were offered to prove appellant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.[5] *See* Tex. R. Evid. 404(b).

In arguing that a jury instruction on unanimity was required, appellant relies on *Francis v. State*, 36 S.W.3d 121 (Tex. Crim. App. 2000), and *Ngo v. State*, 175 S.W.3d 738 (Tex. Crim. App. 2005). However, both cases are distinguishable from the case at hand. In *Francis*, the State submitted two separate offenses in the disjunctive. *See Francis*, 36 S.W.3d at 124 (jury charge stated "if you find . . . that . . . [Francis] did . . . engage in sexual contact by touching the breast *or* genitals . . .") (emphasis in original). There was no evidence of a single incident where Francis touched both the breasts and the genitals of the victim. *Francis*, 36 S.W.3d at 124. The Court held that a jury instruction was required as to unanimity. *See Francis*, 36 S.W.3d at 122, 125 ("[T]he jury charge . . . created the

_____

[4] However, the State, in closing argument, said: "What we're here on is $3400, $3,450 in charges that the defendant racked up in three days." The Houston Community College tuition was $655 and processed in one day.

[5] The indictment read in part: "[appellant] . . . on or about **January 27, 2010**, did . . . unlawfully . . . use a VISA CREDIT card knowing the use was without the effective consent of the cardholder . . . ." (Emphasis in original).

4

possibility of a non-unanimous jury verdict. [I]t is possible that six members of the jury convicted [Francis] on the breast-touching offense . . . and six members convicted [Francis] on the genital-touching offense."). The instant case differs from *Francis*, however, because appellant was only charged with the single offense of credit card abuse committed on January 27, 2010.[6]

The Court of Criminal Appeals held in *Ngo* that the defendant suffered egregious harm where the jury charge allowed for a non-unanimous verdict. 175 S.W.3d at 752. The case at hand is distinguishable. The indictment in *Ngo* charging the defendant with credit card abuse alleged three statutorily different criminal acts: (1) stealing, (2) receiving, and (3) presenting a credit card. *Id.* at 744; *see also* Tex. Penal Code Ann. §§ 32.31(b)(4), 32.31(b)(1)(A). These acts "are all credit card abuse offenses, to be sure, but they are not the same, specific credit card abuse criminal acts committed at the same time or with the same *mens rea* and the same *actus reus*." *Ngo*, 175 S.W.3d at 745. Had the State in this case charged different statutory violations, *Ngo* would require a unanimous verdict on which specific statutory duty appellant failed to comply with. *See Young v. State*, 341 S.W.3d 417, 426 (Tex. Crim. App. 2011). In the present case, the indictment charged appellant only with the *use* of a credit card without the cardholder's effective consent.[7]

The court in *Ngo* found egregious harm where the jury repeatedly was told that it need not return a unanimous verdict. 175 S.W.3d at 750–52. Both the State and the trial judge in *Ngo* told the jurors that as long as every juror was convinced that one of the charges alleged in the indictment had been proved, the jurors need not all agree on which

---

[6] Section 32.31(b) provides that a person commits an offense if that person, with the intent to obtain a benefit fraudulently, presents or uses a credit card with knowledge that the card has not been issued to him and is used without the effective consent of the cardholder. Tex. Penal Code Ann. § 32.31(b)(1)(A). The indictment in the instant case tracks this statutory language, unlike the indictment in *Ngo*, which alleged three statutorily different criminal acts. 175 S.W.3d at 744.

[7] "A handy, though not definitive, rule of thumb is to look to the statutory verb defining the criminal act. That verb . . . is generally the criminal act upon which all jurors must unanimously agree." *Ngo*, 175 S.W.3d at 745 n.24; *see also Young*, 341 S.W.3d at 422 n.10.

charge had been proved.[8]  *Id.* at 750–51.   No such misstatements of the law were present in this case.   The jury charge here read:

> [Y]ou may only consider [evidence of other offenses, if any] in determining the motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment and for no other purpose.

The jury was properly instructed regarding the additional purchases.   Further, the indictment alleged that appellant committed the offense on January 27, 2010, and the opening statements by both sides established that the offense in question was the Houston Community College tuition payment.   We therefore hold that there was no error in the jury instructions.   Accordingly, we need not determine whether appellant suffered egregious harm.

## CONCLUSION

We reform the judgment of the trial court to reflect that appellant was convicted of felony credit card abuse.   Appellant's conviction is hereby affirmed as reformed.


/s/      Martha Hill Jamison
Justice


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

Do not publish — TEX. R. APP. P. 47.2(b).

---

[8] In voir dire, the *Ngo* prosecutor said: "[I]f three of you who end up sitting on the jury panel feel like he stole the credit card and used it, six of you think that he received it and three of you think he presented it, it doesn't matter which one you think he did.   It can be a mix and match, whichever one you believe."   During the defense voir dire, the trial judge said: "There's three ways alleged that the offense can be committed. . . . [T]he State may prove one to the satisfaction of part of the jury, another one to the satisfaction of others, the third one to the satisfaction of another part of the jury . . . ."   175 S.W.3d at 750-51.

6