IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00291-CR

 

Euleses Nejandro Davila,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 03-02135-CRF-272

 



MEMORANDUM  Opinion










 

      Davila appeals his convictions for two
counts of indecency with a child by sexual contact.  See Tex. Penal Code Ann.
§ 21.11(a)(1), (c), (d) (Vernon 2003).  We affirm.

      Sufficiency of the evidence. 
In Davila’s first two issues, he contends that the evidence was factually
insufficient.  The jury found Davila guilty in two counts, and he challenges
the evidence of each count.  “In a factual-sufficiency review, we view all of
the evidence in a neutral light, and we set aside the verdict only if the
evidence is so weak that the verdict is clearly wrong and manifestly unjust, or
the contrary evidence is so strong that the standard of proof beyond a
reasonable doubt could not have been met.”  Prible v. State, 175 S.W.3d
724, 730-31 (Tex. Crim. App.), cert. denied, 126 S. Ct. 481 (2005);
accord Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  “A
clearly wrong and unjust verdict occurs where the jury’s finding is ‘manifestly
unjust,’ ‘shocks the conscience,’ or ‘clearly demonstrates bias.’”  Prible at
731 (quoting Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997)).  “While the court of appeals may disagree with the jury’s conclusions,
it must also exercise appropriate deference in order to avoid substituting its
judgment for that of the jury, particularly in matters of credibility.”  Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); accord Clewis v.
State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).

      “A person commits” the offense of
indecency with a child “if, with a child younger than 17 years and not the
person’s spouse, . . . the person . . . engages in sexual
contact with the child or causes the child to engage in sexual contact
. . . .”  Tex. Penal Code
Ann. § 21.11(a) (Vernon 2003).  

[S]exual contact means the following
acts, if committed with the intent to arouse or gratify the sexual desire of
any person:

      (1)  any touching by a person,
including touching through clothing, of the anus, breast, or any part of the
genitals of a child; or

      (2)  any touching of any part of the body
of a child, including touching through clothing, with the anus, breast, or any
part of the genitals of a person.

Tex. Penal Code Ann.
§ 21.11(c).  

      “[T]he jury is the exclusive judge of the
facts” unless otherwise provided by law.  Tex.
Code Crim. Proc. Ann. art. 36.13 (Vernon 1981).  “The jury, in all
cases, is the exclusive judge of the facts proved, and of the weight to be
given to the testimony,” unless otherwise provided by law.  Id. art. 38.04 (Vernon 1979).  “While [the] evidence may be in
conflict, it is for the jury as trier of fact to resolve any conflicts and
inconsistencies in the evidence.”  Turner v. State, 4 S.W.3d 74, 83
(Tex. App.—Waco 1999, no pet.); accord Schuessler v. State, 719 S.W.2d
320, 328 (Tex. Crim. App. 1986); e.g., Tran v. State, 167 S.W.3d 483,
491 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d); Dornbusch v. State, 156
S.W.3d 859, 872 (Tex. App.—Corpus Christi 2005, pet. ref’d).

      Count 2.  In Davila’s first issue,
he contends that the evidence in the second count of the indictment is “so weak
that the verdict is clearly wrong and manifestly unjust.”  (Br. at 29 (quoting Shack[el]ford
v. State, No. 10-05-00034-CR, 2005 Tex. App. LEXIS 86[43][, at *2] (Tex.
App.—Waco Oct[.] 19, 2005, no pet.[]) [(mem. op.)].)  The trial court’s charge
instructed the jury to find Davila guilty in the second count if it found that
“the defendant, EULESES DAVILA did intentionally or knowingly, with the intent
to arouse and gratify the sexual desire of said defendant, engage in sexual
contact by causing S.H., a child younger than 17 years and not the spouse of
said EULESES DAVILA, to touch the genitals of EULESES DAVILA while on or near a
beanbag.”  (II C.R. 151.)  Davila acknowledges that this instruction “mirrored
the allegations contained in the indictment.”  (Br. at 24-25); see Gharbi v.
State, 131 S.W.3d 481, 482 (Tex. Crim. App. 2003) (“hypothetically correct
jury charge”); Malik v. State, 953 S.W.2d 234, 236-40 (Tex. Crim. App.
1997).  

      Davila points to discrepancies among
S. H.’s outcry statement, her recorded statement, and her trial
testimony.  For example, Davila contends that S. H. stated in her outcry
that Davila, who was S. H.’s schoolteacher, did not allow her to defecate
at school; but denied it in her recorded statement and her trial testimony. 
The State points to medical evidence of S. H.’s impacted bowel.  Davila
also contends that in S. H.’s recorded statement and in her testimony on
direct examination, she testified that Davila’s semen was “green,” but on
cross-examination testified that it was “yellow.”  The State points out that in
S. H.’s recorded statement she said that Davila’s semen was “green or
something.”  Davila contends that S. H. stated in her outcry statement and
her recorded statement that the offense in which Davila ejaculated took place
near a bean bag, but that she testified at trial that it took place on a bed. 
Davila contends that a child forensic interviewer testified that S. H.’s
recorded statement was “tainted” by coaching.  (Br. at 28 (emphasis in orig.)).  The State points to the investigator’s testimony that the interview
did not sound tainted.  Davila also apparently contends that S. H. was
biased, since her parents brought a civil suit against Davila.  The State
points to S. H.’s outcry statement and recorded statement to the effect
that Davila approached her when she was sleeping on a bean bag, put her hand on
his penis, and ejaculated.  Viewing the evidence in a neutral light, we hold
that the evidence is not so weak that the verdict is clearly wrong or
manifestly unjust.  The evidence is factually sufficient.  We overrule Davila’s
first issue.  

      Count 4.  In Davila’s second issue,
he contends that the evidence in the fourth count of the indictment was “so
weak that the verdict was clearly wrong and manifestly unjust.”  (Br. at 36 (purporting to quote Shackelford, 2005 Tex. App. LEXIS 86[43]).)  The
trial court’s charge instructed the jury to find Davila guilty in the fourth
count if it found that “the defendant, EULESES DAVILA did intentionally or
knowingly, with the intent to arouse and gratify the sexual desire of said
defendant, engage in sexual contact by touching the anus or any part of the
genitals of S.H., a child younger than 17 years and not the spouse of said
EULESES DAVILA.”  (II C.R. 151-52.)  Davila concedes that this instruction
“appropriately tracked the indictment.”  (Br. at 30.)[1]  Davila assumes, without good reason, that this
offense took place inside a closet.[2]  In accordance with that assumption, Davila
contends that S. H.’s recorded statement conflicts with another alleged
victim’s allegations concerning alleged offenses inside a closet.  Davila also
contends that S. H. sometimes stated that she was clothed, and sometimes
stated that Davila removed her clothes, when he touched her “bottom” and “pee-pee”
with a flyswatter.  The State points to S. H.’s statements that Davila
tickled her “heinie” or “bottom” and her “pee-pee” with a flyswatter.  Viewing
the evidence in a neutral light, we hold that the evidence was not so weak that
the verdict was clearly wrong or manifestly unjust.  The evidence was factually
sufficient.  We overrule Davila’s second issue.

      Extraneous Offense Evidence.  In
Davila’s third issue, he contends that the trial court erred in overruling
Davila’s objection to certain evidence.  Davila complains of the following
testimony on direct examination of a State’s witness:

      Q.   Did the defendant ever
tell you why he was going to school at A&M?

      A.   He told me that he was on
a football scholarship.

      Q.   How did that come up? 
Did you ask him or—

      A.   I don’t remember.  We
just—I think I was just asking him why was he here and he told me he was going
to A&M on a football scholarship.

      Q.   Did he tell you what
position he played?

      A.   Kicker.

      Q.   Kicker or punter?

      A.   Whichever one kicks the
ball.

      Q.   Okay.  And did you ask
him how the season was going?

      A.   No, I didn’t.

      Q.   Did you ask him how
spring training was going?

      A.   No, I didn’t.

      Q.   Did you ask him how he
liked RC?

      A.   No.

      Q.   Did he ever offer that?

      A.   No.

      Q.   Do you know if that, in
fact, was true or not?

      A.   No, I didn’t know.

      Q.   Did he say it to you in a
boastful way?  Was he flirting with you?

      A.   No, he wasn’t.

      Q.   Did you have any reason
to believe he wasn’t on a football scholarship at A&M?

      A.   No.

      Q.   Do you know if, in fact,
he was; or do you just not know?

      A.   At the time I didn’t
know.

      Q.   Do you know now?

      A.   Yes.

      Q.   Was he?

      A.   That he’s not on the football team.

(10 R.R. 231-33.)  Davila contends that the
testimony constituted “improper
impeachment of appellant’s character on a specific incident of misconduct.” 
(Br. at 36 (emphasis in orig.) (citing Tex.
R. Evid. 404-405).)  

      The State argues that any error in the
overruling of Davila’s objection to that evidence was cured.  The State points
to Davila’s testimony on cross-examination:  

      Q.   You indicated when
[Davila’s counsel] Bryan asked you about going and attending A&M, that was
a lie.  Right?

      A.   Yes, sir.

      Q.   Why would you make that
up?

      A.   Trying
to impress the people I work with.

(12
R.R. 148-49.)  Davila did not object to that testimony.

 

As a prerequisite to presenting a
complaint for appellate review, the record must show that:

      (1)  the complaint was made to
the trial court by a timely request, objection, or motion
. . . ; and

      (2) the trial court
. . . ruled on the request, objection, or motion
. . . .

Tex. R. App. P.
33.1(a).

 

[T]o preserve error in admitting evidence, a
party must make a proper objection and get a ruling on that objection.  In
addition, a party must object each time the inadmissible evidence is offered or
obtain a running objection.  An error [if any] in the admission of evidence is
cured where the same evidence comes in elsewhere without objection.

Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004)
(quoting Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003))
(2nd alteration in Lane); accord Holmes v. State, 135 S.W.3d 178,
195 (Tex. App.—Waco 2004, no pet.); Sinclair v. State, No.
10-05-00216-CR, 2006 Tex. App. LEXIS 4277, at *5 (Tex. App.—Waco May 17, 2006,
no pet. h.) (not designated for publication) (mem. op.); see Etheridge v.
State, 903 S.W.2d 1, 14 (Tex. Crim. App. 1994).     

      Davila did not request a running objection
to evidence concerning the lie, nor did he object to the evidence of it that
the State elicited on cross-examination of Davila.  Davila did not preserve his
complaint, or any error was cured.[3]  We overrule Davila’s third issue.

      Charge.  In Davila’s fourth
issue, he contends that the trial court erred in its jury instruction on the
fourth count.  “[I]n each felony case . . . , the judge shall
. . . deliver to the jury . . . a written charge distinctly
setting forth the law applicable to the case . . . .”  Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2005).

Whenever it appears by the record in any
criminal action that any requirement of Article[] 36.14 . . . has
been disregarded, the judgment shall not be reversed unless the error appearing
from the record was calculated to injure the rights of defendant, or unless it
appears from the record that the defendant has not had a fair and impartial
trial.

Id.  art. 36.19 (Vernon 1981).

 

      Our first duty in analyzing a jury-charge
issue is to decide whether error exists.  Then, if we find error, we analyze
that error for harm.  Preservation of charge error does not become an issue
until we assess harm.  The degree of harm necessary for reversal depends on
whether the appellant preserved the error by objection.  Under Almanza,
jury charge error requires reversal when the defendant has properly objected to
the charge and we find “some harm” to his rights.  When the defendant fails to
object or states that he has no objection to the charge, we will not reverse
for jury-charge error unless the record shows “egregious harm” to the
defendant.

Ngo v. State, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005) (internal footnotes
omitted) (quoting Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985) [(op. on reh’g)]); accord Penry v. State, 178 S.W.3d 782, 788
(Tex. Crim. App. 2005), cert. denied, 165 L. Ed. 2d 909
(2006).  

      Davila cites Francis v. Texas for
the proposition that “by the use of the disjunctive charge, ‘anus or
any part of the genitals’, in Count IV, it is impossible to ascertain whether
the jury verdict was unanimous.”  (Br. at 46 [(quoting II C.R. 149, 152)
(emphasis added by Davila)] (citing Francis v. State, 36 S.W.3d 121
(Tex. Crim. App. 2000)).)  Francis is distinguishable.  Cf. Francis, 36
S.W.3d 121.  Davila contends that in Francis “the State introduced
evidence of four acts of indecency and elected to proceed on only two counts.” 
(Br. at 45.)  Rather, the trial court charged the jury on only one count.  Francis
at 122.  The trial court instructed the jury that it might find the
appellant guilty if it found that the appellant “engage[d] in sexual contact by
touching the breast or the genitals.”  Id. at 124.  

The State introduced evidence of four separate
incidents.  In two different incidents, the appellant touched the victim’s
breasts.  In two separate incidents, the appellant touched the victim’s
genitals.  There was never a single incident alleged in which the appellant
touched both the breasts and the genitals of the victim.

Id.  

      Davila was indicted on four counts of
indecency against S. H., the trial court charged the jury on all four
counts, and the jury found him guilty on two counts, including the fourth. 
Unlike in Francis, here the State did allege a single incident against
Davila in which he touched both S. H.’s genitals and anus with a
flyswatter. 

      The trial court did not err.  We overrule
Davila’s fourth issue.

      Effective Assistance of Counsel.  In
Davila’s fifth issue, he contends that if the Court holds that Davila’s trial
counsel did not preserve Davila’s third issue then Davila was denied the
effective assistance of counsel.  “In all criminal prosecutions, the accused
shall enjoy the right . . . to have the Assistance of Counsel for his
defence.”  U.S. Const. amend.
VI.  “In Strickland v. Washington, 466 U.S. 668 (1984),” the Supreme
Court “held that criminal defendants have a Sixth Amendment right to
‘reasonably effective’ legal assistance.”  Roe v. Flores-Ortega, 528 U.S. 470, 476 (2000) (quoting Strickland, 466 U.S. at 687).  “Ineffective assistance under Strickland
is deficient performance by counsel resulting in prejudice, with
performance being measured against an ‘objective standard of reasonableness,’
‘under prevailing professional norms.’”  Rompilla v. Beard, 545 U.S. 374, ___, 125 S. Ct. 2456, 2462 (2005) (quoting Strickland at 688) (internal
citation omitted).  “[C]ounsel is ‘strongly presumed’ to make decisions in the
exercise of professional judgment.”  Yarborough v. Gentry, 540 U.S. 1, 8 (2003) (quoting Strickland at 690).  “That presumption has particular
force where a petitioner bases his ineffective-assistance claim solely on the
trial record, creating a situation in which a court ‘may have no way of knowing
whether a seemingly unusual or misguided action by counsel had a sound
strategic motive.’”  Id. (quoting Massaro v. United States, 538 U.S. 500, [505] (2003)).  “A Strickland claim must be ‘firmly founded in the record’
and ‘the record must affirmatively demonstrate’ the meritorious nature of the
claim.”  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)
(quoting Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)). 
“Direct appeal is usually an inadequate vehicle for raising such a claim
because the record is generally undeveloped.”  Goodspeed at 392; accord
Thompson at 813-14.  “This is true with regard to the question of deficient
performance—in which counsel’s conduct is reviewed with great deference,
without the distorting effects of hindsight—where counsel’s reasons for failing
to do something do not appear in the record.”  Goodspeed at 392
(internal citation omitted); accord Thompson at 813-14.  “[T]rial
counsel should ordinarily be afforded an opportunity to explain his actions
before being denounced as ineffective.”  Goodspeed at 392 (quoting Rylander
v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)).  “Absent such an
opportunity, an appellate court should not find deficient performance unless
the challenged conduct was ‘so outrageous that no competent attorney would have
engaged in it.’”  Id. (quoting Garcia v. State, 57 S.W.3d 436,
440 (Tex. Crim. App. 2001)).  

      Davila does not point to the reasons for
counsel’s conduct in the record.  Davila does not demonstrate ineffective
assistance.  We overrule Davila’s fifth issue.

      Conclusion.  Having overruled
Davila’s issues, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed August 2, 2006

Do
not publish

[CR25]









[1]  Nonetheless,
in Davila’s fourth issue, he contends that the instruction was erroneous.  But
see Malik, 953 S.W.2d 234.





[2]  In
the first count, in which the jury found Davila not guilty, the State alleged
that Davila indecently touched S. H. “while in or near a closet.”  (I C.R.
35; see II id.149, 157.)  The jury also found Davila not guilty
in the third and fifth counts.





[3]  In
Davila’s argument on his fifth issue, he cites Rogers v. Texas for the
proposition that an appellant “does not waive the error if he testifies in
order to explain, rebut or meet otherwise inadmissible evidence.”  (Br. at 51 (citing Rogers v. State, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993)).  Davila
did not bring forward evidence in order to explain, rebut, or meet the State’s
evidence of Davila’s lie.