NO. 07-06-0307-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 12, 2007


______________________________



RANDALL DIXON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 290TH DISTRICT COURT OF BEXAR COUNTY;



NO. 2004-CR-7578; HON. SHARON MCCRAE, PRESIDING


_______________________________



Memorandum Opinion


________________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Randall Dixon appeals his convictions for aggravated sexual assault and indecency
with a child by contending that 1) the trial court abused its discretion in refusing to admit
certain evidence which denied him his constitutional right of confrontation and cross-examination, and 2) the jury charge was vague and confusing and allowed for less than a
unanimous verdict. We affirm the judgment. 

 

 Issue 1 - Right of Confrontation 

 Approximately one year prior to the incident which was the subject of this
prosecution, the victim, appellant's daughter, alleged that her school bus driver touched
her breasts, which was one of the acts appellant was accused of having performed on her. 
Appellant sought to question the victim about the accusation but was denied the
opportunity. Now, he contends that this violated his right of confrontation. This ground,
however, was not mentioned at trial. Instead, appellant contended that the evidence
should be admitted due to its relevance. When a defendant's objection potentially
encompasses complaints under both the rules of evidence and the confrontation clause,
the objection is not specific enough to preserve error if the defendant does not clearly
articulate that the confrontation clause is involved. Reyna v. State, 168 S.W.3d 173, 179
(Tex. Crim. App. 2005). Given this and the fact that his objection at bar fails to comport
with that raised at trial, the complaint was not preserved. See Fox v. State, 175 S.W.3d
475, 483-84 (Tex. App.-Texarkana 2005, pet. ref'd) (finding a relevancy objection to lack
sufficient specificity to put the trial court on notice of the defendant's confrontation clause
argument). 

 Additionally, the trial court may exclude relevant evidence if its value is substantially
outweighed by its risk of confusion or improper prejudice. Tex. R. Evid. 403. Here,
underlying appellant's complaint is the insinuation that the prior allegation was false. And,
because it was purportedly false, it should have been admitted to discredit his accuser. 
Yet, appellant did not establish that the accusation was false. Rather, he asks us to
surmise that it was since the bus driver was simply transferred elsewhere. This we choose
not to do. That he was transferred to another school does not establish innocence, or, at
least, a trial court could have reasonably concluded. Thus, we find no abuse of discretion
in excluding the evidence. And, the issue is overruled.

 Issue 2 - Jury Charge

 Next, appellant complains that the jury charge was vague and confusing with
respect to the application paragraphs. Allegedly, it told the jurors that if they found
appellant guilty of count 1, they should next consider count 3, but that if they found
appellant not guilty of count 1, they should consider count 2. Count 1 involved aggravated
sexual assault by digital penetration. Count 2 involved indecency by contact with the
complainant's genitals, and count 3 involved indecency by contact with the complainant's
breasts. Given the language of the charge, appellant believed that the jury could have
convicted him on less than a unanimous verdict. We overrule the issue.

 A defendant is entitled to a unanimous verdict in felony cases. Tex. Code Crim.
Proc. Ann. art. 36.29(a) (Vernon 2006). In Francis v. State, 36 S.W.3d 121 (Tex. Crim.
App. 2000), the defendant was charged with one count of indecency by either breast
touching or genital touching. The court found that those allegations constituted two
different offenses and by allowing use of the word "or," the jury could have reached less
than a unanimous verdict, i.e. six members could have found the defendant committed the
offense by breast touching and six members could have found the defendant committed
the offense by genital touching. Id. at 125. The same is not true here. The acts were
charged under different counts, and the instruction was intended to permit the jury to find
appellant guilty of only count 1 and count 3 (count 2 being subsumed within a guilty finding
on count 1) or of only count 2 and count 3, with a separate verdict on each. See
Bottenfield v. State, 77 S.W.3d 349, 359 (Tex. App.-Fort Worth 2002, pet. ref'd) (noting
a distinction with Francis in that the defendant in Bottonfield was charged in two separate
counts with two separate and distinct offenses upon which the jury was required to reach
a unanimous verdict as to each count). 

 Assuming arguendo that the verdict could have permitted that suggested by
appellant, we find the circumstance to be harmless. The jury foreperson informed the trial
court that the verdicts were unanimous. So too were the jury members individually polled
regarding whether those were their verdicts. Each responded that it was. Therefore,
nothing of record suggests that the jury's verdict on each count was anything other than
unanimous despite appellant's contentions.

 We also note that appellant's defense was that none of the allegations happened,
and thus the jury was required to make an all-or-nothing decision for each count. See
Martinez v. State, No. 03-05-0345-CR, 2006 Tex. App. Lexis 4969 at *21-22 (Tex.
App.-Austin June 9, 2006, pet. ref'd) (noting in its harm analysis that the defendant did not
argue he was guilty of some acts alleged but not others). This too vitiated the potential for
harm. 

 Accordingly, we affirm the judgment. 


 Brian Quinn 

 Chief Justice

Do not publish.

 



rity="62" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Grid Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0087-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL E

 

AUGUST 18, 2011

 

______________________________

 

 

IN THE INTEREST OF N.C. AND J.C., CHILDREN

 

_________________________________

 

FROM COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

 

NO. 6537; HONORABLE RONNIE WALKER, JUDGE[1]

 

_______________________________

 

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.[2]

MEMORANDUM OPINION

            Appellant,
Adam,[3]
appeals the trial court's order terminating his parental rights to his
children, N.C. and J.C.  He asserts the
trial court committed reversible error in what he categorizes as a failure to
make and file findings of fact and conclusions of law.  We affirm. 





 

Factual Background

            The
two children the subject of this proceeding are N.C., a female born in August
of 2002, and J.C. a female born in August of 2004.  Adam and K.L.[4]
are the parents of N.C. and J.C.  Adam
and K.L. separated in 2005, and Adam retained possession of the two children.  After allegations of neglectful supervision
were validated against Adam by the Texas Department of Family and Protective
Services (the Department), N.C. and J.C. were removed from his home and custody
was awarded to his mother, D.V.[5]
 At that time, Adam and K.L. were granted
visitation rights.  

            In
2006, Adam became involved with C.J., who already had a male child, Q.W.J.[6]  In July of 2007, Adam
and C.J. had a daughter, S.C.[7]  At that time, N.C. and J.C. were still living
with D.V.  By May of 2008, Adam's three
biological children, N.C., J.C. and S.C., together with Q.W.J., were all residing
with D.V.  On May 23, 2008, while N.C.
was at an appointment with her counselor, she made an allegation of abuse against
C.J., which was allegedly perpetrated while the children were in the possession
of Adam and C.J.  The counselor and D.V.
reported the alleged abuse to the Department for suspected neglectful
supervision and physical abuse by C.J. against both N.C. and J.C.  An investigator for Child Protective Services
(CPS) was assigned to the case and interviews were conducted with the three
older children and other family members.

            According
to N.C., C.J. engaged in pushing her and J.C., and she would lock them out on
the porch during storms as a form of punishment.  Allegations were also made that C.J. shook
S.C., an infant at the time, to stop her from crying.  According to the investigator's testimony,
N.C. had lice in her hair and was filthy and smelled.  She also testified that all the children
suffered from lice and all but N.C. had pinkeye.  

            During
the interview process, the parents offered denials, excuses, and explained part
of their conduct as discipline.  After
Adam and C.J. left the CPS office, they received a call that S.C. had been
taken to the hospital.  Apparently, while
still at the CPS office, S.C. had become unresponsive and her eyes
crossed.  She was taken to the hospital
with seizure-type symptoms possibly resulting from being shaken; however, tests
showed no injuries.  The treating physician
testified that although S.C. was not underweight or emaciated, she appeared
neglected and was suffering from a vaginal yeast infection and had lice and
pink eye.  

After its investigation, the Department
decided it was in the best interest of the children to remove them from their
home and place them with relatives.[8]  The Department initiated legal action for
termination of parental rights on May 30, 2008. 
Over several years, a series of family service plans were implemented
with a goal of reunification.  However,
on February 22, 2010,[9]
after a trial before the bench, the trial court signed an order terminating
Adam's parental rights to N.C. and J.C.  

Procedural Background

Pursuant to section 263.405(d) of
the Texas Family Code, on March 22, 2010, the trial court held a hearing to
determine whether a new trial should be granted and whether the appeal was
frivolous.  Tex. Fam. Code Ann. §
263.405(d) (West 2008).  After a brief
hearing, the trial court signed an order denying Adam a new trial and
dismissing his notice of appeal from the termination order as frivolous.  Adam appealed the trial court's frivolous
finding and denial of a free reporter's record. 
By opinion dated September 29, 2010, this Court found that arguable
grounds for appeal existed, reversed the trial court's frivolous finding, and
ordered that a free reporter's record be provided to Adam to pursue an appeal
on the merits.  See In re N.C, No. 07-10-0087-CV, 2010 Tex. App. LEXIS 7972, at *3
(Tex.App.--Amarillo Sept. 29, 2010, no pet.) (mem.
op.).  After a reporter's record was
provided, Adam filed his brief challenging the termination order.  This second appeal is on the merits of the
termination order.

Statement of Points

            Section
263.405(b)(2) of the Family Code[10]
currently provides that a statement of points on which a party intends to
appeal must be filed not later than the fifteenth day after a final order is
signed.[11]  Tex. Fam. Code Ann. § 263.405(b)(2) (West 2008).  Presently,
an appellate court may not consider any issue that was not specifically
presented to the trial court in a timely filed statement of points.  § 263.405(i).[12]  In his Statement of Points, Adam raises
insufficiency of the evidence to support each of the four grounds found by the
trial court for termination as well as the best interest finding.  He also alleges ineffective assistance of
counsel and challenges the constitutionality of sections 109.002 and 263.405 of
the Texas Family Code.  However, on
appeal, Adam only complains of the trial court's Findings of Fact and
Conclusions of Law.

Adam attacks the trial court's
findings and conclusions as being nothing more than "evidentiary
recitations" which are "of no value on appeal."  He maintains the document is tantamount to no
findings having been filed and concludes he has suffered harm as a result.  We disagree.

Findings of Fact and Conclusions of Law

            If
properly requested, the trial court must prepare and file findings of fact and
conclusions of law.  Tex. R. Civ. P. 297.  A trial court's failure to make and file
findings is not harmful error if "the record before the appellate court
affirmatively shows that the complaining party suffered no injury."  Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996) (citing Cherne Indus. v. Magallanes,
763 S.W.2d 768, 772 (Tex. 1989)).  The
purpose for requesting written findings of fact and conclusions of law is to
narrow the bases of the termination order to only a portion of the multiple
claims and defenses in the case thereby reducing the number of contentions an
appellant must raise on appeal.  Larry F. Smith, Inc. v. The Weber Co., Inc., 110 S.W.3d 611, 614 (Tex.App.--Dallas 2003, pet.
denied).  Harm may
exist when the circumstances of a case require an appellant to guess the reason
for the trial court's ruling, making it difficult for an appellant to properly
present his case on appeal.  See In
re J.I.T.P., 99 S.W.3d 841, 848-49 (Tex.App.--Houston [14th Dist.] 2003, no
pet.).  See also Tex. R. App. P. 44.1(a)(2).

Discussion

            The
trial court signed the termination order on February 26, 2010, and Adam timely
filed his request for findings of fact and conclusions of law pursuant to Rule
296 of the Texas Rules of Civil Procedure on March 9, 2010.  Although untimely,[13]
the trial court signed a lengthy and detailed document entitled "Findings
of Fact and Conclusions of Law" on April 1, 2010.

            Adam's
challenge leaves us with two avenues for review.  First, assuming arguendo, that the document entitled "Findings of Fact and
Conclusions of Law" is tantamount to no findings being filed at all, as
Adam urges, he failed to file a "Notice of Past Due Findings of Fact and
Conclusions of Law" as required by Rule 297 of the Texas Rules of Civil
Procedure.  Second, if we accept the
trial court's Findings of Fact and Conclusions of Law, Adam's dissatisfaction
with the contents of those findings and conclusions could have been remedied by
filing a request pursuant to Rule 298 for additional or amended findings and
conclusions.  Adam did not avail himself
of either option.  Thus, he has waived
the opportunity to complain on appeal about the document entitled "Findings
of Fact and Conclusions of Law."  See In re J.I.T.P., 99 S.W.3d at 848
(citing Curtis v. Commission for Lawyer
Discipline, 20 S.W.3d 227, 232 (Tex.App.--Houston [14th Dist. 2000, no
pet.)).[14]  Consequently, we overrule his sole issue.

Conclusion

            The trial
court's order terminating Adam's parental rights to N.C. and J.C. is affirmed.

 

 

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

 











[1]Hon. Abe
Lopez, (Ret.) sitting by assignment. 
Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).

 





[2]John
T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Govt
Code Ann. § 75.002(a)(1) (West 2005).

 





[3]To
protect the parents' and children's privacy, we refer to Appellant by his first
name and other interested parties by their initials.  See
Tex. Fam. Code Ann. § 109.002(d) (West 2008). 
See also  Tex. R. App. P. 9.8(b).

 





[4]The
mother, K.L., was appointed possessory conservator and is not appealing.

 





[5]The
record reflects that even though D.V. had custody of two of her grandchildren,
she sometimes allowed them to live with Adam rather than deal with his anger. 

 





[6]Adam was
not Q.W.J.'s natural father.  Q.W.J is
one of the children the subject of a companion case, No. 07-10-0075-CV, styled In the Interest of Q.W.J. and S.C., decided this same date.  


 





[7]S.C.
is one of the children the subject of a companion case, No. 07-10-0075-CV,
styled In the Interest of Q.W.J. and
S.C., decided this same date.  

 





[8]Placement
with relatives was never fully realized. 
Q.W.J. and his sister S.C. were placed with a foster family, J.C. was
placed with a different foster family, and N.C. was placed in a residential
treatment center to address other serious issues.

 





[9]During
oral submission of this appeal, questions were raised on the duration of the
underlying case on the docket in light of section 263.401(a) and (b) which
provides for mandatory dismissal if trial on the merits is not timely
commenced.  Dismissal is appropriate if a
party files a motion to dismiss pursuant to section 263.402(b).  Tex. Fam. Code Ann. § 263.402(b) (West
2008).  No motion was filed in the
underlying proceeding.  Thus, this Court
is unable to grant relief because a party's failure to file a motion to dismiss
waives the right to object to the failure to dismiss.  See id.

 





[10]All
future references to "§" or "section" are to the Texas
Family Code Annotated unless otherwise designated.

 





[11]Effective
September 1, 2011, termination cases involving the Department are governed by
the procedures for accelerated appeals in civil cases under the Texas Rules of
Appellate Procedure.  Sections
263.405(b-1), (d), (e), (f), (h), and (i) have been
repealed.  See Act of May 5, 2011, 82nd Leg., R.S., ch.
75, 2011 Tex. Sess. Law Serv. 348, 349. 

 





[12]But see In re J.O.A., 262 S.W.3d 7,
21-22 (Tex.App.--Amarillo 2008), aff'd as
modified and remanded, 283 S.W.3d 336 (Tex. 2009) (reviewing sufficiency of
the evidence claims despite counsel's failure to file a timely statement of
points when a due process violation occurs).

 





[13]Findings
of fact and conclusions of law must be filed within twenty days after a timely
request.  Tex. R. Civ. P. 297.

 





[14]When,
as Adam alleges, no findings are filed, the trial court's judgment implies all
findings of fact necessary to support it. 
Pharo v. Chambers County, 922
S.W.2d 945, 948 (Tex. 1996).  When
a reporter's record is filed, implied findings are not conclusive and may be
challenged for legal and factual sufficiency. 
 BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002).  However, Adam did not challenge the
sufficiency of the evidence in his brief.