MARY'S OPINION HEADING 








NO. 12-10-00156-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

JESSIE ANTOWAN
SMITH,                      §                      APPEAL FROM THE SECOND

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      CHEROKEE
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            A
jury convicted Appellant, Jessie Antowan Smith, of murder, deadly conduct, and
as a felon in possession of a firearm.  The jury assessed Appellant’s
punishment for the offenses at imprisonment for twenty-five, ten, and ten
years, respectively.  In three issues, Appellant complains that the trial
court’s charge improperly charged multiple offenses, which resulted in or
allowed a nonunanimous jury verdict and denied his right to a unanimous jury
verdict provided by the Constitution of the State of Texas.  We affirm.

 

Background

            Appellant
shot and killed James Jordan after accusing Jordan of having just shot his
friend, Lonnie Gipson.  However, Jordan was unarmed when Appellant shot him
according to the State’s witnesses.  Then, according to those witnesses,
Appellant fired indiscriminately toward the crowd and at the nearby Lewis
residence.  Derrick Lewis then fired at Appellant with a shotgun.

            Appellant
testified claiming self-defense and protection of a third person.  Gipson
testified that the victim, Jordan, was coming toward him with a shotgun when
Appellant shot Jordan.

 

 

Charge Error

            In
his first two issues, Appellant contends that the court’s charge erroneously
charged multiple offenses and resulted in or allowed a nonunanimous jury
verdict.  In his third issue, Appellant maintains he was denied his right to a
unanimous jury verdict as provided by the Constitution of the State of Texas.

Standard
of Review

Regardless
of whether a defendant objects to error in a jury charge at the time of trial,
any claim of charge error on appeal must be considered by an appellate court.  See
Middleton v. State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).  The
existence of an objection affects only the degree of harm needed in order to
justify a reversal.  Warner v. State, 245 S.W.3d 458, 461 (Tex.
Crim. App. 2008).  Error to which no objection is raised requires reversal only
where a defendant is egregiously harmed.  See Tex. Code Crim.  Proc. Ann. art. 36.19 (Vernon  2006); Hutch
v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  Error is
egregiously harmful if it affects the basis of the case, deprives a defendant
of a valuable right, or vitally affects a defensive theory.   Stuhler v.
State, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); Almanza,
686 S.W.2d at 172.            

In
determining whether charge error is egregious, reviewing courts should consider
the following four factors:  (1) the entire charge; (2) the state of the
evidence including contested issues and the weight of the probative evidence; (3)
arguments of counsel; and (4) any other relevant information revealed by the
record of the trial as a whole.  Olivas v. State, 202 S.W.3d 137,
144 (Tex. Crim. App. 2006).

Applicable
Law

            A
person commits the offense of murder if he

 

            (1) intentionally or knowingly
causes the death of an individual;

 

                (2) intends to
cause serious bodily injury and commits an act clearly dangerous to human life
that causes the death of an individual; or

 

                (3) commits or
attempts to commit a felony, other than manslaughter, and in the course of and
in furtherance of the commission or attempt, or in immediate flight from the
commission or attempt, he commits or attempts to commit an act clearly
dangerous to human life that causes the death of an individual.

 

Tex. Penal Code Ann. art. 19.02(b)
(Vernon 2003).  Both the constitution and statutory law of Texas require a jury
verdict in a felony case to be unanimous.  Tex.
Const. art. V, § 13; Tex. Code
Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2010).  Alternate methods
of committing one offense may be charged in one indictment.  Kitchens v.
State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).  Although the
indictment alleges in the conjunctive differing methods of committing the
offense, it is proper for the jury to be charged in the disjunctive.  Id. 
If alternate theories of committing the same offense are submitted to the jury
in the disjunctive, the jury may properly return a general verdict if the
evidence is sufficient to support a finding of guilt under any of the theories
submitted.  Id.  Separate offenses or separate criminal acts may
not be submitted in the disjunctive because of the possibility of a
nonunanimous jury verdict.  Francis v. State, 36 S.W.3d 121, 125
(Tex. Crim. App. 2000).  “Unanimity in this context means that each and every
juror agrees that the defendant committed the same, single, specific criminal
act.”  Ngo v. State, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005).

Discussion

            The
indictment charged Appellant with intentionally or knowingly causing the death of
James Keon Jordan by shooting him with a firearm.  In paragraph B, it charged
that Appellant, with intent to cause serious bodily injury to James Keon
Jordan, did commit an act clearly dangerous to human life that caused the death
of James Keon Jordan by shooting him with a firearm.

            The
trial court gave the following charge to the jury at the close of the
guilt-innocence phase.

 

A person commits the offense of
murder if he intentionally or knowingly causes the death of an individual, or
if he intends to cause serious bodily injury and commits an act clearly
dangerous to human life that causes the death of an individual.

***

Now if you find from the evidence
beyond a reasonable doubt that on or about the 19th day of August, 2007 in
Cherokee County, Texas, the defendant, JESSIE ANTOWAN SMITH, did intentionally
or knowingly cause the death of an individual, namely, JAMES KEON JORDAN by
shooting him with a firearm, or with intent to cause serious bodily injury to
an individual, namely, JAMES KEON JORDAN, did commit an act clearly dangerous
to human life that caused the death of an individual, JAMES KEON JORDAN, by
shooting JAMES KEON JORDAN with a firearm . . . then you will find the
defendant guilty of murder as alleged in the indictment.

 

 

            The
question presented by all three of Appellant’s issues is whether the jury
charge in this case merely charged alternate theories of committing the same
offense or whether the jury charge included two or more separate offenses
charged disjunctively.

            It
is apparent that the indictment charges two of the three alternate statutory
means of committing murder.  The trial court submitted both means of committing
the same offense in its jury charge.  The court’s charge did not disjunctively
submit alternate theories involving separate criminal acts or separate offenses. 
The charge did not allow the jury to return a nonunanimous general verdict. 
The cases relied on by Appellant, Ngo and Francis, involved
either separate offenses or separate criminal acts charged disjunctively.  Texas
appellate courts have repeatedly addressed and rejected Appellant’s argument, most
recently in Davis v. State, 313 S.W.3d 317, 342 (Tex. Crim. App.
2010).

            Appellant’s
three issues are overruled.

 

Disposition

            The
judgment of the trial court is affirmed.

 

Bill Bass

    
Justice

 

 

Opinion delivered May 25, 2011.

Panel
consisted of Worthen, C. J., Griffith, J., and Bass, Retired J., Twelfth Court
of Appeals, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)