

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00399-CR

**PAUL CRANSTON STEELE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court
Falls County, Texas
Trial Court No. 12-09271**

## MEMORANDUM OPINION

In one issue, appellant, Paul Cranston Steele, challenges his conviction for assault-family violence. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2014). Specifically, Steele argues that he was egregiously harmed by the charge, which included instructions about three separate culpable mental states and an instruction that jury unanimity was not required as to the applicable culpable mental state. Because we conclude that Steele was not egregiously harmed by the charge, we affirm.

## I.   BACKGROUND

In the instant case, Steele was accused of intentionally, knowingly, or recklessly causing bodily injury to Kimberly Craft, by punching her in the left arm. *See id.* The indictment alleged that Steele committed assault-family violence against Craft on May 10, 2012. Thereafter, the case proceeded to trial.

At the conclusion of the evidence, the jury was instructed regarding the law of the case. The charge included definitions for the intentional, knowing, and reckless culpable mental states, as well as the following language: "The jury does not have to agree on whether the defendant either intentionally or knowingly or recklessly injured the victim[;] but each juror must find that the state has proven one of the intents as required above." It is this language that is the basis for Steele's appellate complaint.

The jury ultimately found Steele guilty of the charged offense. Thereafter, the trial court assessed punishment at confinement in the county jail for one year with a $500 fine. The trial court also certified Steele's right of appeal, and this appeal followed.

## II.   ANALYSIS

In his sole issue, Steele asserts that the jury charge was egregiously harmful because it drew undue attention to the culpable mental states. More specifically, Steele contends that the charge included three separate culpable mental states and an instruction that jury unanimity was not required as to the applicable culpable mental state. According to Steele, the instruction regarding unanimity amounted to an improper judicial comment. And as a result of the complained-of error, Steele alleges

that the charge instructions marshaled "the law in favor of the State," which "implicates the trial court's required appearance of neutrality."

## A.    Applicable Law

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, appellant must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Steele admits that he did not object to the jury charge; thus, he must show egregious harm. *See Almanza*, 686, S.W.2d at 171. In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

**B.    Discussion**

As noted above, Steele complains about the following instruction contained in the charge:  "The jury does not have to agree on whether the defendant either intentionally or knowingly or recklessly injured the victim[;] but each juror must find that the state has proven one of the intents as required above."  On appeal, Steele does not contend that the instruction is an incorrect statement of the law.  Instead, Steele argues that the instruction constitutes an improper judicial comment because it was unnecessary, and because it focuses "the jury's attention on the type of evidence."

Under Texas law, the trial court must provide the jury with "a written charge setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing facts or using any argument in [its] charge calculated to arouse the sympathy or excite the passions of the jury."  TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *see Walters v. State*, 247 S.W.3d 204, 208 (Tex. Crim. App. 2008).  "The law applicable to a case plainly includes laws from any source concerning which a jury instruction is necessary for resolution of the factual issues presented."  *Atkinson v. State*, 923 S.W.2d 21, 27 (Tex. Crim. App. 1996).

> The choice of language by the trial judge, though trying to clarify the statute, is inappropriate if its draws particular attention to the evidence regarding the defendant's state of mind.  Even a seemingly neutral instruction about a particular type of evidence constitutes an impermissible comment on the weight of the evidence because such an instruction singles out a particular piece of evidence for special attention.

*Russell v. State*, 43 S.W.3d 66, 69 (Tex. App.—Waco 2001, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 36.14; *Zani v. State*, 758 S.W.2d 233, 245 (Tex. Crim. App. 1988)).

Based on our review of the record, we do not believe that the complained-of instruction constitutes an impermissible comment on the weight of the evidence. The trial court's instruction is a correct, neutral statement of the law regarding unanimity and the operative criminal statute and does not "pluck out any specific piece of evidence."[1] *See* TEX. PENAL CODE ANN. § 22.01(a); *see also Walters*, 247 S.W.3d at 214 (noting that "all jury instructions relating to a Penal Code offense or defense must be statutorily based"); *Ngo v. State*, 175 S.W.3d 738, 745 n.21 & 746-50 (Tex. Crim. App. 2005) ("The unanimity requirement is undercut when a jury risks convicting the defendant on different acts, instead of agreeing on the same act for a conviction."); *Francis v. State*, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000) (holding that a jury charge which allows for a non-unanimous verdict concerning what specific criminal act the defendant committed is error); *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) (stating that although the indictment may allege differing methods of committing an offense in the conjunctive, it is proper to instruct the jury in the disjunctive). Accordingly, we cannot conclude that the complained-of instruction constituted an improper judicial comment and, thus, was erroneously included in the charge. *See Brown v. State*, 122 S.W.3d 794, 800-01 (Tex. Crim. App. 2003).[2]

---

[1] The operative statute—section 22.01(a) of the Penal Code—provides that a person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse . . . ." TEX. PENAL CODE ANN. § 22.01(a) (West Supp. 2014).

[2] In *Brown*, the Court of Criminal Appeals noted the following:

But when the trial court, the only source of law the jury has, picks out only one such inference and instructs the jury that that one, through rebuttable, is a presumption provided by law, the court gives the force of law to that one possible

And even if the complained-of instruction was erroneously included in the charge, Steele has not adequately demonstrated that he was egregiously harmed. In particular, the jury heard testimony regarding Craft's injuries and saw numerous pictures depicting her injuries. Moreover, as stated above, the complained-of instruction was a correct, neutral statement of the law meant to clarify the applicable culpable mental states. Furthermore, neither Steele's counsel nor the prosecutor mentioned the instruction in closing arguments. And finally, Steele does not demonstrate that he suffered actual harm as a result of the complained-of instruction. *See Sanchez*, 376 S.W.3d at 775 (requiring appellant to demonstrate actual, not merely theoretical, harm to obtain a reversal for jury-charge error); *see also Arline*, 721 S.W.2d at 352 (same). Therefore, based on the foregoing, we overrule Steele's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court.

AL SCOGGINS
Justice

---

inference . . . . Instructing the jury that it does constitutes, in effect, a comment on the weight of the evidence. . . . Finally, a court's jury instruction could violate article 36.14 less obviously. For example, it might obliquely or indirectly convey some opinion on the weight of the evidence by singling out that evidence and inviting the jury to pay particular attention to it. On this near end of the "improper-judicial comment" spectrum is an instruction that is simply unnecessary and fails to clarify the law for the jury.

122 S.W.3d 794, 800-01 (Tex. Crim. App. 2003).

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed April 23, 2015
Do not publish
[CR25]

*(Chief Justice Gray concurs in the judgment to the extent it affirms the trial court's judgment.  A separate opinion will not issue.)

