# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00558-CR

---

**Rainon Forrest Eaves, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2020-930, THE HONORABLE STEPHANIE BASCON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Rainon Forrest Eaves was found guilty of multiple counts of indecency with a child and sexual assault of a child and was sentenced to twenty-five years' imprisonment. In three issues, he challenges the unanimity of the jury's verdict and the jury charge. Based on the following reasons, we will affirm the trial court's judgment.

## BACKGROUND[1]

Appellant was charged with two counts of indecency with a child by contact and eight counts of sexual assault of a child, arising from several incidents when Appellant had sexual intercourse, oral sexual intercourse, or sexual contact with a fourteen-year-old during several months in 2020. The trial on the merits began on October 26, 2021.

---

[1] Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in the opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1.

On October 27, 2021, the jury unanimously convicted Appellant on both counts of indecency with a child and five of the eight counts of sexual assault of a child. At the end of the punishment phase of trial, the jury assessed a variety of sentences for the convictions; ultimately, Appellant was sentenced to twenty-five years' imprisonment.[2] This appeal followed.

## FAILURE TO MAKE ELECTION CHALLENGE

In his first issue, Appellant argues that the trial court erred by failing to require the State to make an election as to the manner and means for each of the sexual assault of a child counts. Appellant referenced the following language in the individual counts[3]:

> Count 4: "[Appellant] did then and there intentionally or knowingly cause *the penetration* of the sexual organ of [the victim], a child who was younger than 17 years of age, by the mouth or tongue of the said [Appellant], *OR* . . . . [Appellant] did then and there intentionally or knowingly cause the sexual organ of [the victim], a child who was younger than 17 years of age, *to contact* the mouth or tongue of the said [Appellant] . . . ." Count 5: "[Appellant] did then and there intentionally or knowingly cause *the penetration* of the sexual organ of [the victim], who was a child younger than 17 years of age, by the male sexual organ of the said [Appellant], *OR* . . . . [Appellant] did then and there intentionally or knowingly cause the sexual organ of [the victim], a child who was younger than 17 years of age, *to contact* the male sexual organ of the said [Appellant] . . . ."

> Count 6: "[Appellant] did then and there intentionally or knowingly cause *the penetration* of the sexual organ of [the victim], who was a child younger than 17 years of age, by the male sexual organ of the said [Appellant], *OR* . . . .

---

[2] Appellant was sentenced to five years' imprisonment on each of the indecency with a child convictions, and was sentenced to twelve, seventeen, fifteen, fifteen, and twenty years' imprisonment on the five convictions for sexual assault of a child. The trial court ordered that the sentences for indecency with a child run concurrently with one another, that the sentences for sexual assault of a child run concurrent with one another, and that the sentences for sexual assault of a child run consecutively with the sentences for indecency with a child.

[3] Although not clear from Appellant's briefing, we interpret Appellant's argument as raising this challenge only as to the specific counts of sexual assault of a child for which he was found guilty.

[Appellant] did then and there intentionally or knowingly cause the sexual organ of [the victim], a child younger than 17 years of age, *to contact* the male sexual organ of the said [Appellant] . . . ."

Count 7: "[Appellant] did then and there intentionally or knowingly cause *the penetration* of the mouth of [the victim], a child who was younger than 17 years of age, by the male sexual organ of the said [Appellant], *OR* . . . . [Appellant] did then and there intentionally or knowingly cause the mouth of [the victim], a child who was younger than 17 year of age, *to contact* the male sexual organ of the said [Appellant] . . . ."

Count 9: "[Appellant] did then and there intentionally or knowingly cause *the penetration* of the anus of [the victim], a child who was younger than 17 years of age, by the male sexual organ of the said [Appellant], *OR* . . . . [Appellant] did then and there intentionally or knowingly cause the anus of [the victim], a child who was younger than 17 years of age, *to contact* the male sexual organ of the said [Appellant] . . . ."

(Emphases added). Each of those counts also included the following language: "The jury must be unanimous about the incident, if any, that constitutes the conduct alleged in" the applicable count. Appellant argues that the jury charge for those counts charged him with both a "contact" offense and a "penetration" offense in the disjunctive, and therefore there was a possibility of a non-unanimous verdict by the jury as to any of those counts.[4] The State responds that the "separate offenses" are merely different "manner and means" for committing one offense and that Appellant failed to show any harm occurred.

The Texas Constitution requires a unanimous jury verdict in felony criminal cases. Tex. Const. art. V, § 13; *see Stuhler v. State*, 218 S.W.3d 706, 716 (Tex. Crim. App. 2007). "Unanimity in this context means that each and every juror agrees that the defendant

---

[4] Appellant did not request such an election at trial. *See Cosio v. State*, 353 S.W.3d 766, 776 (Tex. Crim. App. 2011) ("The trial judge is therefore obligated to submit a charge that does not allow for the possibility of a non-unanimous verdict.").

committed the same, single, specific criminal act." *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). "When the State charges different criminal acts, regardless of whether those acts constitute violations of the same or different statutory provisions, the jury must be instructed that it cannot return a guilty verdict unless it unanimously agrees upon the commission of any one of these criminal acts." *Id.* at 744. "The unanimity requirement is undercut when a jury risks convicting the defendant on different acts, instead of agreeing on the same act for a conviction." *Francis v. State*, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000) (en banc).

Based on the record before us, the jury charge did not permit a less-than-unanimous verdict. In this case, all members of the jury must have unanimously agreed that Appellant committed any of the following acts: contacted or penetrated the child's sexual organ with his mouth or tongue (Counts IV), Tex. Penal Code § 22.01(a)(2)(A), (C); contacted or penetrated the child's sexual organ with his sexual organ (Counts V, VI), *id.*; contacted or penetrated the child's mouth with his sexual organ (Count VII), *id.* § 22.01(a)(2)(B), (E); or contacted or penetrated the child's anus with his sexual organ (Count IX), *id.* § 22.01(a)(2)(A), (C). Although Appellant complains that "contact" and "penetration" are two distinct and separate offenses under the statute,[5] "the requirement of jury unanimity is not violated by a jury charge that presents the jury with the option of choosing among various alternative manner and means of committing the same statutorily defined offense." *Jourdan v. State*, 428 S.W.3d 86, 94 (Tex. Crim. App. 2014). In particular, "[w]hen both contact and penetration occur in a single

---

[5] Eaves also argues that the jury charge must "specifically inform the jurors that they had to be unanimous as to which separate criminal act they believed constituted each count" and that general unanimity instructions are insufficient. *See Arrington v. State*, 451 S.W.3d 834, 838 (Tex. Crim. App. 2015). Unlike *Arrington*, however, here the jury charge included a specific unanimity instruction as to each individual count, explaining that the "jury must be unanimous about the incident, if any, that constitutes the conduct alleged in" the count.

sexual act, involving a single orifice, contact is subsumed by penetration." *French v. State*, 563 S.W.3d 228, 235 (Tex. Crim. App. 2018); *see also Jourdan*, 428 S.W.3d at 98 ("We have already discounted the possibility of egregious harm with respect to penile contact versus penile penetration because contact is subsumed by penetration, and every juror would have, of necessity, at least found contact."); *Vick v. State*, 991 S.W.2d 830, 834 n.2 (Tex. Crim. App. 1999) ("An allegation of 'penetration' of the sexual organ overlap an allegation of 'contact' of the sexual organ because penetration of the genitals necessarily includes contact.").

Even assuming some of the jurors believed Appellant was guilty of contact but not penetration and the other jurors believed he was guilty of penetration, all the jurors necessarily believed that contact had occurred. *See, e.g.*, *Hatter v. State*, No. 11-09-00091-CR, 2011 WL 1640370, at *4 (Tex. App.—Eastland Apr. 28, 2011, pet. ref'd) (mem. op., not designated for publication) (explaining that every juror who believed appellant penetrated the victim's sexual organ "also necessarily believed that antecedent contact had occurred"). Moreover, the precedent cited by Appellant is distinguishable because that precedent involved disjunctive charges involving separate, distinct offenses. *See, e.g.*, *Francis*, 36 S.W.3d at 125 (distinguishing contact offenses involving breast touching and genital touching). Accordingly, the trial court's disjunctive submission of the "contact" and "penetration" offenses in the jury charge did not result in the possibility of a non-unanimous verdict as to those counts. Appellant's first issue is overruled.

## JURY CHARGE LIMITING INSTRUCTION

In his second issue, Appellant argues that the trial court erred by including the following instruction in the jury charge:

Members of the jury, regarding evidence that the defendant has committed a separate offense of *sexual abuse*, you cannot consider such evidence for any purpose unless you first find from the evidence presented beyond a reasonable doubt that the defendant committed that separate offense of sexual abuse.

Therefore, if the State has not proven the defendant's commission of a separate offense of *sexual abuse* beyond a reasonable doubt, or if you have a reasonable doubt thereof, you shall not consider that evidence for any purpose.

If you find the State has proven the defendant's commission of a separate offense of *sexual abuse* beyond a reasonable doubt, you may consider that evidence for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

(Emphases added). Appellant argues that the "separate offense of sexual abuse" language in the instruction encourages the jurors to consider extraneous "sexual abuse" offenses other than the charges against him for indecency with a child and sexual assault of a child.

When reviewing a claim of error in the jury charge, we first determine whether error exists. *Ngo*, 175 S.W.3d at 743; *accord McCall v. State*, 635 S.W.3d 261, 265–66 (Tex. App.—Austin 2021, pet. ref'd). If error exists, then we undertake a harm analysis. *Ngo*, 175 S.W.3d at 743; *McCall*, 635 S.W.3d at 265–66. "[A]ll alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). Appellant acknowledges that he did not object to the charge about this instruction, and therefore insofar as we need to undertake a harm analysis, the error will only require reversal if Appellant shows "egregious harm." *Ngo*, 175 S.W.3d at 743–44. There must be "actual, rather than merely theoretical, harm" that affects "'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Id.* at 750 (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). "When assessing harm based on the particular facts of the case, we consider: (1) the charge; (2)

6

'the state of the evidence[,] including contested issues and the weight of the probative evidence'; (3) the parties' arguments; and (4) all other relevant information in the record." *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011) (quoting *Hutch*, 922 S.W.2d at 171).

There is no error on the record before us. Article 38.37 of the Texas Code of Criminal Procedure governs the admissibility and use of certain extraneous evidence of "other crimes, wrongs, or acts committed by the defendant against the child who is the victim." Tex. Code Crim. Proc. art. 38.37, § 1(b). Appellant concedes that there was no evidence of extraneous "sexual abuse" offenses presented at the trial; rather, the only evidence concerning "sexual abuse" before the jury was the evidence presented as part of the State's case on the charged offenses. *See* Tex. Penal Code §§ 21.11 (Indecency With a Child); 22.011 (Sexual Assault). Appellant complains that the "sexual abuse" terminology in the instruction misinforms the jury because he claims that language invokes a different criminal offense (continuous sexual abuse of a young child) that was not a charged offense in the indictment. *See id.* § 21.02 (Continuous Sexual Abuse of Young Child or Disabled Individual). But the jury was not instructed about that statute, that criminal offense, or any definition of "sexual abuse" based on that statute or offense. *Cf. Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) ("We generally presume the jury follows the trial court's instructions in the manner presented."). Moreover, an act of "sexual abuse" in Section 21.02(c) of the Texas Penal Code is defined as both acts of indecency with a child and sexual assault of a child, both offenses charged in the indictment. *See* Tex. Penal Code § 21.02(c)(2)(3) (including indecency with child and sexual assault of child as acts qualifying as "sexual abuse"); *Abuse, Black's Law Dictionary* (11th ed. 2019) (defining "sexual abuse" as "[a]n illegal or wrongful sex act, esp. one performed against a minor by an adult"). Although the trial court could have specifically referenced "indecency with

a child or sexual assault of a child" in its limiting instructions, using "sexual abuse" to refer to those charges is not by itself enough to show error by the trial court. *See Ngo*, 175 S.W.3d at 743.[6] We overrule Appellant's second issue.

## JURY CHARGE PROBATION LANGUAGE EXCLUSION

In his final issue, Appellant argues that he suffered some harm[7] when the trial court denied his request that the jury charge include the standard probation conditions. Although Appellant focuses on how he suffered harm from the lack of the probation conditions in the jury charge, we must first determine whether an error exists at all. *See Ngo*, 175 S.W.3d at 743; *accord McCall*, 635 S.W.3d at 265–66. Contrary to Appellant's argument, "it is well settled that a trial court is not required to include in its punishment charge the terms and conditions a defendant might face if the jury recommended community supervision." *Velazquez v. State*, No. 02-10-00253-CR, 2011 WL 3672018, at *3 (Tex. App.—Fort Worth Aug. 18, 2011, pet. ref'd) (mem. op., not designated for publication); *see also, e.g.*, *Yarbrough v. State*, 779 S.W.2d 844, 845 (Tex. Crim. App. 1989) (per curiam) (dismissing petition for discretionary review as improvidently granted and approving lower court's opinion holding not reversible error to refuse to include all statutory conditions of community supervision in jury charge); *Sanchez v. State*, 243 S.W.3d 57, 69 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("A trial court is not required to submit the statutory terms of community supervision in the jury charge on

---

[6] Appellant complains that a hearing pursuant to article 38.37 was not held, but he does not cite any authority that such a hearing is required under article 38.37 when the relevant evidence and offenses are the other criminal charges pending before the jury in the same trial. *See* Tex. Code Crim. Proc. art. 38.37.

[7] Because Appellant raised this objection at trial, reversal would only be required if "some harm," rather than egregious harm, resulted from the error. *See Arteaga v. State*, 521 S.W.3d 329, 333 (Tex. Crim. App. 2017).

punishment."); *Parks v. State*, No. 03-00-00253-CR, 2000 WL 1862111, at *3 (Tex. App.—Austin Dec. 21, 2000, no pet.) (mem. op., not designated for publication) (concluding that "[a] trial court need not enumerate in a jury charge each and every possible condition of community supervision that could be imposed on a defendant"). Nor does Appellant cite any controlling law to the contrary. We overrule his final issue.

## CONCLUSION

Having overruled all of Appellant's issues, we affirm the trial court's judgment.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed

Filed: October 31, 2023

Do Not Publish